**Ex parte Charles PRINCE.**

No. 54608.

Court of Criminal Appeals of Texas.

April 27, 1977.

1. Petitioner also pled guilty to three other indictments on that date, but we have deter-

Carol S. Vance, Dist. Atty. and Clyde F. DeWitt, III, Asst. Dist. Atty., Houston, Jim D. Vollers, State's Atty., David S. McAngus, Asst. State's Atty., Austin, for the State.

OPINION

BROWN, Commissioner.

This is an application for writ of habeas corpus filed pursuant to Art. 11.07, V.A.C. C.P.

Petitioner was convicted, on his pleas of guilty, of the offenses of murder with malice in Cause No. 158998 and robbery by firearms in Cause No. 159002, and assessed life terms of imprisonment in both cases on April 9, 1971. No appeals were perfected.[1]

Petitioner's application for writ of habeas corpus alleges that both of the above-mentioned offenses arose out of the same transaction and involved the same victim, thus the State should have been allowed to carve only one offense. Copies of the indictments, judgments and sentences in both cases show that the offenses occurred on July 28, 1970, with the victim in both cases being one Bernardo Cardinas. Pursuant to an order of this Court, an evidentiary hearing was held to develop the facts and circumstances surrounding the two offenses.

The statements of facts of the original trials were admitted into evidence during the evidentiary hearing, which contained certain stipulations of evidence. Petitioner's confession and eyewitnesses' statements were admitted at the original trial by stipulation.

From a review of petitioner's confession and the eyewitnesses' statements, it is clear that petitioner and his co-defendant, Herman Griffin, entered a hamburger restaurant shortly after 2:00 a. m. on the morning

mined that any challenges to the validity of those convictions are without merit.

of July 28, 1970, and after brandishing pistols, ordered one employee and a customer to lie on the floor and instructed Mr. Cardinas to open the cash register. Apparently, a struggle ensued and petitioner shot and killed Cardinas, looting the cash register thereafter.

From this evidence, it is clear that the continuous nature of the assaultive action should have prevented the State from carving both robbery and murder out of the same transaction, and that one of these convictions is therefore invalid. The record reflects that the conviction for murder in Cause No. 158998 was entered first, and therefore the conviction for robbery in Cause No. 159002 is invalid. See *Ex parte Calderon*, 508 S.W.2d 360 (Tex.Cr.App. 1973); *Hawkins v. State*, 535 S.W.2d 359 (Tex.Cr.App.1976); *Ex parte Evans*, 530 S.W.2d 589 (Tex.Cr.App.1976); *Ex parte Jewel*, 535 S.W.2d 362 (Tex.Cr.App.1976); *Ex parte Farris*, 538 S.W.2d 134 (Tex.Cr. App.1976); *Ex parte Birl*, 545 S.W.2d 169 (Tex.Cr.App.1977).

For the reasons stated, the robbery by firearms conviction in Cause No. 159002 is voided and the indictment in that case is dismissed.[2]

Opinion approved by the Court.

ODOM, J., concurs in the results for the reason stated in footnote 2.

---

**2.** We also note that the life sentence for robbery by firearms in Cause No. 159002 is a void and unauthorized punishment. See *Ex parte Hill*, 528 S.W.2d 125 (Tex.Cr.App.1975); *Ex parte Murillo*, 528 S.W.2d 127 (Tex.Cr.App. 1975), but in view of our disposition of this case, any complaint concerning the validity of that sentence has been rendered moot.