**Ex parte Prince Angelo ELLISON.**

**No. 69410.**

Court of Criminal Appeals of
Texas, En Banc.

Sept. 25, 1985.

Rehearing Denied Nov. 20, 1985.

Nancy B. DeLong, Huntsville, for appellant.

Arthur C. Eads, Dist. Atty. and Edward S. Johnson, Asst. Dist. Atty., Belton, Robert Huttash, State's Atty., Austin, for the State.

## OPINION

W.C. DAVIS, Judge.

Pursuant to Art. 11.07, V.A.C.C.P., applicant filed this application for a post conviction writ of habeas corpus. Applicant contends that he has been twice convicted under a single indictment for two offenses that arose out of the same transaction. We remanded the case to the trial court so that a hearing could be held to show the facts of the offenses. 687 S.W.2d 364. The case is now before us with those necessary additional facts and we find that applicant is entitled to relief.

Applicant pleaded guilty to two offenses alleged in a single indictment. Count I of the indictment alleges aggravated assault, for which applicant was sentenced to ten years' confinement. Count II of the same indictment alleges carrying a weapon on prohibited premises, for which applicant was sentenced to ten years' confinement.

The findings of fact show that applicant entered a high school football stadium carrying a weapon. After he shot several people who were at the stadium applicant was arrested and subsequently indicted for the two offenses at issue here. From these facts, it is evident that the offenses arose out of the same transaction.

Regardless of the validity of the joinder, in one indictment, of the two offenses arising out of the same transaction (see *Drake v. State*, 686 S.W.2d 935, 944 [Tex.Cr.App.1985]) only one conviction can be had where a single indictment alleges two offenses arising from the same transaction. *Siller v. State*, 686 S.W.2d 617 (Tex.Cr.App.1985). *Ex Parte Easley*, 490 S.W.2d 570 (Tex.Cr.App.1972).

Applicant pleaded guilty to both counts in one proceeding. The findings of fact reflect that the court found him guilty first of Count I (aggravated assault) and then of Count II (carrying a weapon on prohibited premises). The conviction on Count II cannot stand as it arose out of the same transaction as Count I, for which applicant was first convicted. *Ex Parte Easley*, supra.

Applicant is entitled to relief. The judgment and sentence for Count II in Cause No. 32,477 from the 264th District Court of Bell County, finding applicant guilty of carrying a weapon on prohibited premises and sentencing him to ten years' confinement, is void,[1] and hereby are vacated and set aside.

1. Because of the disposition of the case we need not address applicant's contention that Count II in the indictment fails to state every essential element of the offense.