**Ex parte Juan Carlos PENA.**

**Nos. 71246, 71247.**

Court of Criminal Appeals of Texas, En Banc.

Dec. 11, 1991.

Juan Carlos Pena, pro se.

Rene Guerra, Dist. Atty., Theodore C. Hake, Asst. Dist. Atty., Edinburg, and Robert Huttash, State's Atty., Austin, for the State.

## OPINION

MILLER, Judge.

Applicant submitted this pro se application for writ of habeas corpus to this Court pursuant to Art. 11.07, V.A.C.C.P. Applicant pled guilty to the offenses of aggravated sexual assault, burglary of a habitation, and aggravated robbery. The trial judge sentenced applicant, as a repeat offender, to 50 years confinement in the Texas Department of Corrections [1] for each offense, the sentences for burglary of a habitation and aggravated robbery to run concurrently with the sentence for aggravated sexual assault.

Applicant claims his convictions for burglary of a habitation and aggravated robbery are illegal because obtained from a fundamentally defective indictment.[2] Specifically, applicant argues these two offenses were misjoined in the indictment in violation of Penal Code § 3.01, which allowed for the joinder in a single indictment of the repeated commission of any one property offense (Title 7 offenses in the Penal Code).[3] In cause number CR–555–87–C, applicant was indicted in Count I for burglary of a habitation, alleged to have been committed on March 23, 1987, accompanied by an enhancement paragraph alleging applicant had been previously convicted of burglary of a habitation committed on August 22, 1983. In Count II, the indictment alleges applicant committed aggravated robbery on March 23, 1987, and also includes the same enhancement paragraph.

---

1. Now called the Texas Department of Criminal Justice, Institutional Division.

2. This issue is cognizable by way of a writ of habeas corpus. *Ex parte Elliott,* 746 S.W.2d 762 (Tex.Cr.App.1988).

3. The offenses in question were alleged to have been committed on March 23, 1987. Thus, the amendment to Penal Code § 3.01, effective September 1, 1987, is inapplicable to this cause.

Applicant was also indicted in cause number CR–549–87–C for aggravated sexual assault, likewise alleging a commission date of March 23, 1987, and the same enhancement paragraph. Applicant pled guilty to, and was convicted of, all three offenses.

 In its response to applicant's misjoinder claim, the State cites this Court's decisions in *Holcomb v. State,* 745 S.W.2d 903 (Tex.Cr.App.1988); *Fortune v. State,* 745 S.W.2d 364 (Tex.Cr.App.1988); and *Jordan v. State,* 552 S.W.2d 478 (Tex.Cr.App. 1977), and concedes applicant's contention has merit. Under the law in effect when these offenses were committed, it is well-settled that an indictment may contain more than one count charging the same offense, but the indictment may not charge more than one offense. See *Ex parte Broyles,* 759 S.W.2d 674, 675 (Tex.Cr.App. 1988), citing *Drake v. State,* 686 S.W.2d 935 (Tex.Cr.App.1985). Although burglary of a habitation and aggravated robbery are both "offenses against property" (or Title 7 offenses), each is a distinct statutory offense, and thus, these offenses may not be joined in the same indictment. When more than one offense is alleged in the same indictment, whether or not the offenses arose out of the same or different transactions, misjoinder occurs and constitutes fundamental error, and the State may not obtain more than one conviction on that indictment. See *Holcomb,* 745 S.W.2d at 908. Thus, applicant's contention that he was improperly convicted of both offenses in cause number CR–555–87–C is meritorious.

 The issue of the appropriate relief to be granted applicant remains. Several situations have been presented to this Court, and, in the concurring opinion in *Callins v. State,* 780 S.W.2d 176, 197 (Tex. Cr.App.1986), the five predominant methods used by this Court in determining

which conviction to uphold and which to dismiss were noted:

1—The most popular method is to choose the offense that the defendant was convicted of first. *Ex parte Ellison,* 699 S.W.2d 218 (Tex.Cr.App.1985); *Ex parte Siller,* 686 S.W.2d 617 (Tex.Cr.App.1985); *Ex parte Prince,* 549 S.W.2d 753 (Tex. Cr.App.1977); *Ex parte Easley,* 490 S.W.2d 570 (Tex.Cr.App.1972).[4]

2—At other times this Court has affirmed the conviction that had the lowest number on the charging instrument. *Ex parte Adams,* 541 S.W.2d 440 (Tex.Cr. App.1976); *Price v. State,* 475 S.W.2d 742 (Tex.Cr.App.1972).

3—In *Beaupre v. State,* 526 S.W.2d 811 (Tex.Cr.App.1975), *cert. den.* 423 U.S. 1037, 96 S.Ct. 573, 46 L.Ed.2d 412 (1975), this Court chose the offense that was alleged first in the indictment.

4—In *Jones v. State,* 482 S.W.2d 194 (Tex.Cr.App.1972), *cert. den.* 410 U.S. 932, 93 S.Ct. 1377, 35 L.Ed.2d 594 (1973), this Court chose the conviction for possession of heroin over the conviction for possession of marijuana because there was "more proof" for possession of heroin.

5—In *Barron v. State,* 568 S.W.2d 362 (Tex.Cr.App.1978), no reason was offered to justify affirming a conviction for murder and dismissing a conviction for robbery by assault.

*Callins,* 780 S.W.2d at 197 (Miller, J., concurring). In this concurring opinion it was noted that a multiplicity of tests arose because no one test works well in all situations. *Id.* The concurring opinion proposed utilizing one rule, to-wit: choosing the conviction for the most serious offense.[5]

In the cause *sub judice,* applicant prays that each of his convictions be vacated. According to our case law, however, that relief is inappropriate and one of the con-

---

**4.** Note the more recent decisions utilizing this same determination: *Holcomb,* 745 S.W.2d 903, and *Ex parte Broyles,* 759 S.W.2d 674.

**5.** In *Callins,* the appellant had been convicted of both capital murder and aggravated robbery. The majority opinion in that case affirmed the

capital murder conviction, which was obtained first according to the judgment, and vacated the conviction for aggravated robbery. Under the "most serious offense" test, the capital murder conviction also would have been the conviction upheld.

victions for the misjoined offenses will be upheld. We find that this case is an appropriate case for adopting and applying the "most serious offense" test in determining which conviction to uphold. As stated in *Callins*, supra, the reasons for doing so include:

"First, it will be applicable to all cases where there is misjoinder of offenses.

Second, it does not attempt to make arbitrary distinctions based on which allegation or conviction preceded the others. The outcome of a case will not depend on the coincidence of the order of offenses in an indictment or jury charge.

Third, it assumes that if the State had been made to elect an offense, it would have chosen the most serious one. This will be true in a majority of the cases. It cannot be said that the State would usually pick the first offense.

Last, it is the most consistent with the objective of the Penal Code 'to insure the public safety through: (A) the deterrent influence of the penalties hereinafter provided.' V.T.C.A. Penal Code, sec. 1.02."

We pause to note that Judge Campbell's concurring and dissenting opinion in this cause wholly fails to rebut these reasons for adopting this test. In fact, the concurring and dissenting opinion would have us maintain the condemned arbitrariness of selecting the first conviction in the indictment or the first conviction in the judgment.

In the case at bar, applicant was convicted of aggravated robbery and burglary of a habitation in cause number CR–555–87–C and aggravated sexual assault in cause number CR–549–87–C. In this latter cause number, applicant filed a motion with the trial judge requesting the court to take into consideration three unadjudicated offenses when assessing his punishment. The motion reflects that in three separate causes applicant had been charged with committing three additional burglary of a hab-

itation offenses during the months of January and April of 1987.

In *Callins*, the concurring opinion advised considering the sentence imposed and other relevant factors when making the determination as to which offense was the most serious, so we again review the facts in this record. Applicant was charged with burglary of a habitation in count one of the indictment, which offense is a first degree felony. V.T.C.A. Penal Code § 30.02(a) and (d)(1). Because applicant was charged and found guilty as a repeat offender for this offense, he was subject to a penalty of confinement in prison for life or for any term of not more than 99 years or less than 15 years and a $10,000 fine. V.T.C.A. Penal Code § 12.42(c). Applicant was assessed a 50 year prison term for this conviction. In count two of the indictment, applicant was charged with and convicted of aggravated robbery, also a first degree felony. V.T.C.A. Penal Code § 29.03(a) and (b). Applicant was again sentenced as a repeat offender pursuant to the provisions of § 12.42(c), subjecting him to the same sentencing possibilities as his conviction for burglary of a habitation. Applicant was again assessed a 50 year prison term. No deadly weapon finding was entered in the judgment for either count. Thus, on the surface these two convictions appear to be equally "serious."

The rules on parole eligibility and good conduct time break this apparent "seriousness tie" between the offenses. Under Art. 42.18, § 8(b), V.A.C.C.P., a prisoner convicted of aggravated robbery, as well as other enumerated offenses, is not eligible for release on parole until his actual calendar time served, without consideration of good conduct time, equals one-fourth of the maximum sentence or 15 calendar years. These same restrictions are not placed upon the parole eligibility of prisoners convicted of burglary of a habitation. See Art. 42.18, § 8(b), and Art. 42.12, § 3g(a)(1).[6] Thus, when this relevant factor is considered, it is clear that aggravated robbery is the more serious of

---

**6.** Article 42.18, § 8, (b) provides that "[a]ll other prisoners (i.e. those not convicted of an Art. 42.12, § 3g offense) shall be eligible for release on parole when their calendar time served plus good conduct time equals one-fourth of the maximum sentence imposed or 15 years, whichever is less."

the two offenses for which applicant was convicted in cause number CR–555–87–C. Thus, the conviction for aggravated robbery is affirmed, and the conviction for burglary of a habitation is vacated. Since the trial judge assessed a separate sentence for each offense, this cause need not be remanded to the trial court for a reassessment of punishment, and the 50 year sentence assessed on the aggravated robbery conviction, to run concurrently with the sentence in cause number CR–549–87–C, is also sustained. Compare *Ex parte Broyles,* 759 S.W.2d 674 (where trial judge assessed single prison term of 40 years for convictions for aggravated robbery and aggravated kidnapping; cause remanded to trial court for new punishment hearing).

It is so ordered.[7]

WHITE, J., concurs in the result.

CAMPBELL, Judge, concurring and dissenting.

I agree that, based on precedent, Applicant is entitled to relief, but I respectfully disagree with the majority's adoption of this strange "most serious offense" rule. Oddly, the majority has given no explanation for its adoption of this rule, a rule we implicitly rejected in *Callins v. State,* 780 S.W.2d 176 (Tex.Cr.App.1986), and I believe the rationale for the rule suggested by the concurring opinion in *Callins* is flawed. I also believe that, oftentimes, there will be no reliable method for determining which offense is "most serious".

In the concurring opinion in *Callins,* it was claimed that the most serious offense rule was sound because "it assumes that if the State had been made to elect an offense, it would have chosen the most serious one." *Callins,* 780 S.W.2d at 197–198. With all due respect, the validity of such an assumption is questionable. A prosecutor might very well have other reasons for choosing one offense to prosecute over another, e.g., the strength of the available evidence.

A more basic flaw in the "most serious offense" rule is that there is no reliable way to determine in every case which offense is truly "most serious". Basing a decision on the sentence imposed is questionable because there is no way to really know why a particular sentence was imposed. Also, the "seriousness" of an offense would seem to depend largely on the facts of its commission, but, because of the rules of evidence, the punishment-assessor—and this Court—may very well be unaware of some of those facts.

I think we should, as a matter of practicality and stare decisis, continue with the rule adopted just three years ago in *Holcomb v. State,* 745 S.W.2d 903 (Tex.Cr.App. 1988), and *Ex parte Siller,* 686 S.W.2d 617 (Tex.Cr.App.1985), i.e., we should uphold the conviction listed first in the trial court's judgment. We should do so because the *first* conviction listed in the judgment is the only one authorized by law. *Ex parte Broyles,* 759 S.W.2d 674, 675 (Tex.Cr.App. 1988); *Drake v. State,* 686 S.W.2d 935, 944 (Tex.Cr.App.1985). If there is more than one judgment, which is the situation extant in the case at bar, then we can uphold the conviction for the first offense listed in the indictment. And if there are multiple indictments and multiple judgments, then, out of absolute necessity, we could resort to the sort of rule espoused by the majority. In the instant case, there are multiple judgments but only one relevant indictment, which alleges burglary of a habitation (count one) and aggravated robbery (count two). I would therefore leave the burglary conviction intact and set aside the robbery conviction.

In sum, while I concur in the notion that Applicant is entitled to relief, I dissent to the setting aside of the burglary conviction in cause number CR–555–87–C.

CLINTON, BAIRD, and BENAVIDES, JJ., join.

---

7. Applicant also contends in his writ application that he received ineffective assistance of counsel, thus rendering his guilty plea involuntary. We found no merit in this contention and hence only filed and set this writ on the misjoinder issue.