Mickeal Ray HOFFMAN, Appellant,

v.

The STATE of Texas, State.

No. 2-93-471-CR.

Court of Appeals of Texas,
Fort Worth.

June 1, 1994.

Chris Phillips, Fort Worth, for appellant.

Tim Curry, Dist. Atty., Betty Marshall and Charles M. Mallin, Asst. Chiefs, Appellate Section, David M. Curl and Bill Durkin, Asst. Dist. Attys., Fort Worth, for appellee.

Before FARRIS, LATTIMORE and DAY, JJ.

OPINION

FARRIS, Justice.

A jury convicted Mickeal Ray Hoffman of misdemeanor theft of a motor vehicle and unauthorized use of a motor vehicle, a third degree felony.[1] *See* TEX.PENAL CODE ANN. §§ 31.03(e)(3)(A), 31.07 (Vernon 1989). The jury assessed punishment, enhanced by two prior felony convictions, at twenty-eight years' confinement for the unauthorized use of a motor vehicle conviction and twelve months' confinement for the theft conviction.

On appeal, Hoffman claims because unauthorized use of a motor vehicle is the lesser-included offense of theft, the State was entitled to a conviction and sentence on only one of the offenses, and we should reform the judgment deleting the conviction and sentence for the lesser offense. Because the convictions violated double jeopardy and Hoffman suffered egregious harm, and because the State was denied an opportunity to choose the offense it wished to prosecute and presumably would have chosen the most serious offense, we sustain both Hoffman's points of error, affirm the conviction and sentence for unauthorized use of a motor vehicle, and reform the judgment dismissing the conviction and sentence for theft.

On May 5, 1993, Hoffman drove a 1979 Pontiac Grand Prix off the lot of Cowtown Auto Sales without paying for it. The owners of Cowtown let Hoffman start the car to listen to its motor, but not to drive it off the lot. When the car was returned to the pound, it had been stripped. Hoffman was then arrested and charged with unauthorized use and theft of this vehicle.

After the parties rested and Hoffman reviewed the proposed jury charge, Hoffman moved to require the State to elect which offense it wanted submitted to the jury. The court denied his motion and submitted both offenses.

---

1. Although the State alleged the value of the stolen car was $750 or more but less than $20,-000, a third degree felony, the jury found the value was $200 or more but less than $750, a Class A misdemeanor.

The State admits separate convictions for unauthorized use and theft under the facts of this case violate the federal double jeopardy clause. *See Brown v. Ohio,* 432 U.S. 161, 166, 97 S.Ct. 2221, 2225, 53 L.Ed.2d 187 (1977); *Ex parte Jefferson,* 681 S.W.2d 33, 34 (Tex.Crim.App.1984). In addition, the State does not attack Hoffman's claim the error caused him to suffer egregious harm. However, relying on *Ex parte Pena,* 820 S.W.2d 806 (Tex.Crim.App.1991), the State does challenge the remedy requested.

The five predominant methods of determining which conviction to uphold are: (1) choose the offense that the defendant was convicted of first; (2) choose the offense that has the lowest number on the charging instrument; (3) choose the offense that was alleged first in the indictment; (4) choose the conviction that has the greatest evidentiary support; (5) choose the conviction for the most serious offense. *See id.* at 808. In *Ex parte Pena,* a misjoinder case, the Court of Criminal Appeals adopted method (5), the "most serious offense" method, and the State urges us to do the same here. *See id.* at 809.

In this case, the plausible methods for determining which conviction to uphold are alternatives three and five because the second is essentially the same as the third. The first alternative applies only when the convictions were obtained at different times, and the fourth is not appropriate in lesser-included offense situations because it depends upon the offenses being supported by different evidence. Because the State was entitled to choose which offense to prosecute, since Hoffman's conduct supported prosecution under more than one statute, *see Alejos v. State,* 555 S.W.2d 444, 451 (Tex.Crim.App. 1977), and because the State presumably would have chosen the most serious offense had it been given the opportunity to choose, *see, i.e., Ex parte Pena,* 820 S.W.2d at 809, we adopt the "most serious offense" method.

Considering the allegations and the evidence in this case, the most serious offense would have been unauthorized use of a motor vehicle. Both points of error are sustained. We affirm the conviction and sentence for unauthorized use of a motor vehicle, and reform the judgment dismissing the conviction and sentence for theft.