TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-95-00181-CR







James Massey, Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 167TH JUDICIAL DISTRICT


NO. 0932561, HONORABLE MICHAEL LYNCH, JUDGE PRESIDING







 This appeal is taken from convictions for aggravated sexual assault of a child (1) and
indecency with a child. (2) The offenses were alleged in a single indictment in separate counts. (3) 
Both counts were submitted to the jury which found appellant James Massey guilty of both
offenses. The jury assessed appellant's punishment at 12 years' imprisonment for the aggravated
sexual assault of a child and at 10 years' imprisonment and a $10,000 fine for the offense of
indecency with a child, but recommended "probation" on the latter offense. The trial court
followed the binding recommendation. Two separate judgments of conviction were entered.

 Appellant advances three points of error. First, appellant contends that the trial
court erred in admitting "false extraneous acts" in evidence under the guise of the rule of optional
completeness. Second and third, appellant contends that the double jeopardy provisions of the
federal and state constitutions were violated when the trial court submitted both counts of the
indictment to the jury in its charge "when the evidence showed, at most, a single act, and each
offense charged failed to contain an element which the other did not."

 The sufficiency of the evidence is not challenged. The record reflects that on
January 9, 1991, the three-year-old complainant, E. W., was left with her maternal aunt, Gail
Jackson, who was the regular baby sitter while the complainant's mother and stepfather were at
work. According to Walter Smith, the stepfather, E. W., and Gail Jackson were not at the
Jackson house when he and his wife arrived about 4:30 p.m. on the day in question to pick up E.
W. Shortly thereafter, Jackson and E. W. arrived and Smith learned that they had been at the
home of appellant and his wife, the maternal grandmother of E. W. Jackson had been advised
not to take E. W. to the Massey home.

 After arriving home, E. W. made an outcry to her mother and stepfather about
what appellant, her step-grandfather, had done to her that day. According to Etta Smith, E. W.'s
mother, the child revealed that appellant had her lay on her back and hold her legs up, that "he
pulled a black stick out of his pants" and put it "down here," pointing to the area of her vagina,
and got on top of her. The mother also stated that E. W. reported her grandmother came into the
room and started chasing appellant with a switch or belt. E. W. hid in a closet.

 E. W. was seven years old at the time of the trial and testified about the incident
that had occurred approximately four years earlier. With the use of what were apparently
anatomically correct dolls, she related that appellant had her lay on her back while she was in her
grandmother's bedroom that he pulled down her underwear and then took down his pants and
underwear and got on top of her. E. W. had no name for the "part of a man or boy" to which the
prosecutor apparently was pointing to on a doll. The prosecutor noted for the record that E. W.
had placed the "James Doll" on top of "her doll" and asked if "this part" touched "any part on
here." E. W. indicated that she did not understand. The record then reflects: "Q.  Okay. This
is how you placed it? A.  Yes." When asked if the part of the body for which E. W. had no
name touched her body, she could not remember.

 Austin Police Officer Roy Lee Shipp testified that he responded to a call on January
12, 1991, and proceeded to the house where E. W. lived. After talking to her mother, he
discussed the matter with E. W., who told him that she had been molested by appellant. Using
dolls that were in the living room, E. W. demonstrated how appellant had gotten on top of her,
and then stated that appellant had spread her legs apart, "pulled out a stick and got up after he
finished." E. W. told the officer that her grandmother had chased appellant with a switch. The
officer was unable to explain why E. W.'s mother had waited four days to report the matter to the
police. Etta Smith related that she had waited several days to get E. W. examined by a physician. 
She testified that as soon as she got the "results," she and her husband went to confront appellant. 
No physician testified and no medical evidence was offered. The "results" were not revealed for
the purpose of the record.

 In the first point of error, appellant complains that the "trial court erred when, over
defendant's timely and proper objection, it allowed evidence of false, extraneous acts to be
admitted into evidence under Rule 107 of the Texas Rules of Criminal Evidence, the Rule of
Optional Completeness."

 The issue arose in this manner: Austin Police Sergeant Ronald McMillion, a child
abuse investigator, testified that he made an investigation into the alleged incident and took
statements from certain individuals. On cross-examination, appellant elicited from him that he
had taken a statement from Etta Massey, appellant's wife and the grandmother of the complainant,
ten days after the alleged offense. McMillion related that Etta Massey was deceased at the time
of the trial, a fact supported by other evidence in the record.

 Appellant then sought to offer a portion of Etta Massey's statement in evidence--the
portion that related appellant was never alone with the complainant on the day in question, that
she (Etta Massey) was in the complainant's presence at all times when the complainant was at the
Massey house, and that she later took complainant shopping before returning her to Gail Jackson's
home. Appellant offered this portion of the statement under Rule 803 as a recorded recollection. 
Tex. R. Crim. Evid. 803(5). (4) Appellant urged that the rule was applicable when a witness once
had personal knowledge but now had insufficient recollection to enable the witness to testify. Of
course, Etta Massey was deceased and not a witness. The State objected to the offer on the basis
of hearsay. The trial court refused to admit any part of the statement. The State withdrew its
objection stating that it would rely upon the rule of optional completeness if any part of the
statement was offered. See Tex. R. Crim. Evid. 107. Appellant continued to offer only a portion
of the statement and objected to the introduction of the remainder of the statement on the ground
of relevance. The trial court indicated that it would apply Rule 107 if appellant introduced any
portion of the statement. Appellant's counsel insisted that in accord with Rule 803(5) he had to
read his portion of the statement to the jury. While reading the statement, he changed his mind
and announced he would read the entire statement in evidence and he did. Thereafter, the State
offered the statement itself into evidence and appellant responded: "I have no objection." Rule
803(5) was inapplicable and appellant has not briefed any issue of a violation of Rule 107. See
Tex. R. App. P. 74(f). Under these circumstances, the error, if any, is waived.

 Moreover, the improper admission of evidence is not reversible error when the
same facts are proved by other unobjected-to evidence. Ethington v. State, 819 S.W.2d 854, 858
(Tex. Crim. App. 1991); Purtell v. State, 761 S.W.2d 360, 378 (Tex. Crim. App. 1988), cert.
denied, 490 U.S. 1059, 109 S. Ct. 1972, 104 L. Ed. 2d 441 (1989); Ybarra v. State, 890 S.W.2d
98, 115 (Tex. App.--San Antonio 1994, pet. ref'd); Miranda v. State, 813 S.W.2d 724, 739 (Tex.
App.--San Antonio 1991, pet. ref'd). The facts contained in Etta Massey's statements to which
appellant originally objected were testified to by other witnesses without objection. Further,
appellant has not shown that any of the evidence was false as claimed in the point of error. The
contention is overruled.

 Appellant's second point of error urges that:



Appellant's right to be free from double jeopardy under Amendment V to the
Constitution of the United States of America was violated when the trial court
erroneously submitted a charge with two counts: one for aggravated sexual assault
of a child and one for indecency with a child by contact when the evidence
showed, at most, a single act, and each charged offense failed to contain an
element which the other did not.



The third point duplicates the second except that appellant substitutes "Article I, Section 14 of the
Texas Constitution and article 1.10 of the Texas Code of Criminal Procedure" for the Fifth
Amendment cited in the earlier point of error.

 Appellant alleges charge error in both points of error. Article 36.19 of the Texas
Code of Criminal Procedure (5) prescribes the manner of appellate review for jury charge error. 
Almanza v. State, 686 S.W.2d 151, 171 (Tex. Crim. App. 1984) (op. on reh'g). Because there
was no objection to the court's jury charge, appellant must claim the error to be fundamental and
will obtain a reversal only if the error is so egregious and created such harm that he was deprived
of a fair and impartial trial. Almanza, 686 S.W.2d at 171. Appellant does not cite or recognize
Almanza or its progeny. Further, appellant does not tell us what instructions his trial counsel
should have requested or what instructions the trial court should have sua sponte submitted. He
does not pinpoint the charge error. 

 The double jeopardy provisions of the federal and state constitutions protect against
successive prosecutions and multiple punishment. Ex parte Herron, 790 S.W.2d 623, 624 (Tex.
Crim. App. 1990) (op. on reh'g). This was a single trial so the successive prosecution issue is
not involved, and appellant has failed to brief just how this charge at the guilt/innocence stage of
the trial, given the circumstances of this case, resulted in multiple punishments. If it is appellant's
argument that the error implicates federal and state constitutional rights and that the harmless error
rule of Chapman v. California, 386 U.S. 18, 24 (1967) and of Rule 81(b)(2) of the Texas Rules
of Appellate Procedure apply, (6) he has not cited these authorities. See Tex. R. App. P. 74(f).

 The real thrust of appellant's argument appears to be that at the conclusion of the
trial appellant suffered punishment for both offenses thereby subjecting him to double jeopardy.
He contends that both punishments cannot stand regardless of when or how the error occurred. 
A claim of double jeopardy may be raised for the first time on appeal. Ex parte Meyers, 618
S.W.2d 365, 367 n.1 (Tex. Crim. App. 1981); Jones v. State, 586 S.W.2d 542, 544 (Tex. Crim.
App. 1979); York v. State, 848 S.W.2d 341, 342 (Tex. App.--Texarkana 1993, pet. ref'd). We
shall therefore address appellant's argument as we understand it.

 The Fifth Amendment to the United States Constitution provides in pertinent part: 
"[N]or shall any person be subject to the same offense to be twice placed in jeopardy of life or
limb"; U.S. Const. Amend. V. This guarantee was made applicable to the states by the Due
Process Clause of the Fourteenth Amendment to the United States Constitution. Benton v.
Maryland, 395 U.S. 784, 794, 89 S. Ct. 2056, 2062, 23 L. Ed. 2d 707 (1969). The Texas
Constitution provides: "No person, for the same offense, shall be twice put in jeopardy of life
or liberty, nor shall a person be again put upon trial for the same offense, after a verdict of not
guilty in a court of competent jurisdiction." Tex. Const. art. I, § 14; see also Tex. Code Crim.
Proc. Ann. art. 1.10 (West Supp. 1997). The Texas Constitution has been generally construed
to give no greater protection than the federal constitution in regard to double jeopardy. Stephens
v. State, 806 S.W.2d 812, 815 (Tex. Crim. App. 1990), cert denied, 502 U.S. 929, 112 S. Ct.
330, 116 L. Ed. 2d 289 (1991); Phillips v. State, 787 S.W.2d 391, 392 n.2 (Tex. Crim. App.
1989); Ex parte Anthony, 931 S.W.2d 664, 667 (Tex. App.--Dallas 1996, pet. filed); McCulloch
v. State, 925 S.W.2d 14, 17 (Tex. App.--Tyler, pet. ref'd), (7) cert. denied, 116 S. Ct. 477 (1995). 
Both federal and state prohibitions serve to protect against: (1) a second prosecution for the same
offense after acquittal; (2) a second prosecution for the same offense after conviction; and (3)
multiple punishments for the same offense. United States v. Halper, 490 U.S. 435, 439-40, 109
S. Ct. 1892, 1897, 104 L. Ed. 2d 487 (1989); Herron, 790 S.W.2d at 624; Flores v. State, 906
S.W.2d 133, 136 (Tex. App.--San Antonio 1995, no pet.). Thus, both constitutional provisions
protect against multiple punishment and successive prosecutions for the same offense. Ex parte
Kopecky, 821 S.W.2d 957, 958 (Tex. Crim. App. 1992); Busby v. State, 921 S.W.2d 389, 390-91
(Tex. App.--Austin 1996, pet. ref'd); State v. Marshall, 814 S.W.2d 789, 791 (Tex. App.--Dallas
1991, pet. ref'd).

 To determine, as in the instant case, whether a prosecution violates the protection
against multiple punishments, courts apply the same-elements test set out in Blockburger v. United
States, 284 U.S. 299, 304, 52 S. Ct. 180, 182, 76 L. Ed. 2d 306 (1932). To make this
determination, courts must examine the statutes that define each offense to see whether each
statute requires proof of an additional fact or element that the other does not. Id.; Marshall, 814
S.W.2d at 791.

 United States v. Dixon, 509 U.S. 688, 113 S. Ct. 2849, 125 L. Ed. 2d 556 (1993)
interred Grady v. Corbin, 495 U.S. 508, 110 S. Ct. 2084, 109 L. Ed. 2d 548 (1990) and its
"same-conduct" test to determine double jeopardy violations on the ground that the test was hardly
reasonable and unworkable. The spading of an early grave for Grady revived the 1932
Blockburger test as the sole test for determining whether a prosecution violates the protections
against successive prosecutions or multiple punishments. Anthony, 931 S.W.2d at 667.

 In Parrish v. State, 869 S.W.2d 352 (Tex. Crim. App. 1994), the Court of
Criminal Appeals reexamined what is meant by the "same elements" test since Dixon. Parrish
recognized that Dixon had established the Blockburger test "as the sole criteria for analyzing
sameness under the Double Jeopardy Clause of the United States Constitution," but considered
the core meaning of Blockburger to be more in dispute than ever before. Parrish, 869 S.W.2d
at 353-54. The court agreed that Justice Scalia's lead opinion in Dixon required more than a mere
comparison of the elements of the statute; it also required a determination whether one offense
constitutes a species of lesser included offense so as to preclude conviction for another. Id. at
354. In applying Dixon, the Court of Criminal Appeals felt free to refer to its own definition and
view of lesser included offenses. It stated:



 We likewise think it reasonably clear from the various opinions in Dixon
that the essential elements relevant to a jeopardy inquiry are those of the charging
instrument, not of the penal statute itself. Statutory elements will, of course,
always make up a part of the accusatory pleading but additional nonstatutory
allegations are necessary in every case to specify the unique offense with which the
defendant is charged.



Parrish, 869 S.W.2d at 354 (emphasis added).

 Parrish held that the relevant factors from the charging instrument or instruments
include the time and place of the offenses, as well as the identity of the defendant and the
complainant, plus the manner and means used in committing the offense. 869 S.W.2d at 354.

 In the instant case, we are concerned with the issue of multiple punishments in a
single proceeding, not with the issue of multiple or successive prosecutions. Missouri v. Hunter,
459 U.S. 359, 103 S. Ct. 673, 74 L. Ed. 2d 535 (1983), held that the Fifth Amendment Double
Jeopardy Clause, insofar as it applies to multiple punishments in a single prosecution, does not
impose a limitation upon the legislative prerogative "to prescribe the scope of punishment." Id.
at 368, 103 S. Ct. at 679. The Missouri Supreme Court had held that the imposition of multiple
punishments under two separate statutory provisions that define the "same offense under the
Blockbuster test" was jeopardy barred, notwithstanding express legislative authorization of
multiple punishment. The United States Supreme Court reversed, holding that, in the multiple
punishment context, the Blockbuster test is no more than a rule of statutory construction, useful
in discerning the legislative intent as to the scope of punishment where that intent is not otherwise
manifested. The Blockburger test does not operate to bump "clearly expressed legislative intent." 
Hunter, 459 U.S. at 368. Because it was determined that the Missouri Legislature "made its
intent crystal clear" that multiple punishments be imposed under both statutes (for robbery and
armed criminal action) and because the Double Jeopardy Clause, with regard to multiple
punishments imposed in a single trial, does no more than prevent the sentencing court from
prescribing greater punishment than the legislature intended, the multiple sentences in Hunter
were not a violation of the Fifth Amendment. Id. at 366; see also Kopecky, 821 S.W.2d at 959. 
The touchstone is the legislative intent. Ex parte Herron, 790 S.W.2d 623, 624 (Tex. Crim. App.
1990).

 In Ohio v. Johnson, 467 U.S. 493 (1984), the court pointed out that the
Blockburger test "ordinarily determined whether crimes are indeed separate and whether
cumulative [multiple] punishments may be imposed." Id. 499, n.8; see also Abernaz v. United
States, 450 U.S. 333, 337, 101 S. Ct. 1137, 67 L. Ed. 2d 275 (1981); Whalen v. United States,
445 U.S. 684, 691 100 S. Ct. 1432, 63 L. Ed. 2d 715 (1980). "As should be evident from our
decision in Missouri v. Hunter, however, the Blockburger test does not necessarily control the
inquiry into the intent of the legislature. Even if the crimes are the same under Blockburger, if
it is evident that a state legislature intended to authorize cumulative [multiple] punishments, a
court's inquiry is at an end." Johnson, 467 U.S. at 499 n.8. It has also been said that
Blockburger requires legislative intent that each violation be a separate offense. Watson v. State,
900 S.W.2d 60, 61 (Tex. Crim. App. 1996) (citing Garrett v. United States, 471 U.S. 773 (1985)
and Cervantes v. State, 815 S.W.2d 569 (Tex. Crim. App. 1991), cert. denied, 502 U.S. 1110
(1992)).

 The offenses alleged in the indictment in separate counts are aggravated sexual
assault of a child and indecency with a child drafted under sections 22.021 and 21.11 of the Penal
Code in effect at the time of the commission of the offenses (January 9, 1991). These statutes are,
of course, separate and distinct provisions found in separate chapters of the Penal Code. Even
if there are separate statutes, one offense may be a lesser-included offense of another. See Tex.
Code Crim. Proc. Ann. art. 37.09 (West 1981). Subsection 1 of article 37.09 provides that an
offense is a lesser offense if "it is established by proof of the same or less than all of the facts
required to establish the commission of the offense charged." A mere mechanical comparison of
all possible elements under sections 22.021 and 21.11 clearly demonstrates that each statute could
require proof of an additional fact or element that the other does not. Moreover, in Bell v. State,
693 S.W.2d 434 (Tex. Crim. App. 1985), the Court stated:



 A given section of the Penal Code may define more than one way an
offense can be committed. An allegation that an offense has been committed in one
way may include a lesser-included offense, while the allegation that the offense was
committed in another way would not include the lesser offense.



Id. at 436.

 As Parrish pointed out, the essential elements relevant to a double jeopardy inquiry
are those of the charging instrument, not the penal statutes. Parrish, 869 S.W.2d at 354. The
aggravated sexual assault count alleged that on or about January 9, 1991, "James Massey
knowingly and intentionally caused[d] the sexual organ of E. W., a child younger than fourteen
(14) years, and not his spouse, to contact the sexual organ of James Massey." The indecency with
a child count alleged that on or about January 9, 1991, "James Massey, with the intent to arouse
and gratify his sexual desire, knowingly and intentionally engage[d] in sexual contact by touching
the genitals of E. W., a child younger than seventeen (17) years of age and not his spouse."

 It has been stated that indecency with a child "can be considered" a lesser-included
offense of aggravated sexual assault of a child. Read v. State, 768 S.W.2d 919, 920 (Tex.
App.--Beaumont 1989, pet. ref'd). The determination is made on a case-by-case basis. Gottlich
v. State, 822 S.W.2d 734, 738 (Tex. App.--Fort Worth 1992, pet. ref'd); see also Easter v. State,
867 S.W.2d 929, 940 (Tex. App.--Waco 1993, pet. ref'd).

 In comparing the elements of the offenses set out in the instant indictment, it is
immediately apparent that the offense of indecency with a child has the element of specific intent
to arouse or gratify the sexual desire of appellant that the offense of aggravated sexual assault of
a child does not require. While "legislative changes may have indicated a legislative preference
that the thrust of the sexual assault of a child be regarded as more assaultive in nature than sexual
abuse of a child, we must not confuse statutory elements in the definition of an offense with
evidentiary facts that prove it." See Cunningham v. State, 726 S.W.2d 151, 154 (Tex. Crim.
App. 1987). While the aggravated sexual assault of a child offense does not require a specific
intent to arouse or gratify sexual desire, Pierce v. State, 733 S.W.2d 314, 318 (Tex. App.--Tyler
1985, no pet.), the legislature has recognized that an actor may well act with such intent when he
causes his sexual organ to contact the sexual organ of a child. Cunningham, 726 S.W.2d at 153
n.4, 155. In Cunningham, the indictment charged aggravated sexual assault of a child. In that
bench trial, the State failed to prove the allegation that there was a penetration of the child's
mouth by the defendant's sex organ, but the trial court convicted the defendant for indecency with
a child. The conviction for the lesser-included offense was upheld in light of the offense charged
and the facts proven notwithstanding that the indecency offense had the element of specific intent
to arouse or gratify the sexual desire of any person and the assault offense did not, where the
evidence permitted a reasonable inference of the specific intent of the lesser-included offense. 
Cunningham, 726 S.W.2d at 155; see also Pullin v. State, 827 S.W.2d 1, 3 (Tex. App.--Houston
[14th Dist.] 1992, no pet.).

 Proof adduced by the State in the instant case presents ample evidence from which
a rational fact finder could easily infer that, while appellant acted assaultively, his conduct
included an intent to arouse or gratify his own sexual desire. See Cunningham, 726 S.W.2d at
154. The relevant factors from the charging instrument and the proof show that the time and the
place of both offenses are the same, the complainant and the defendant in both offenses are
identical, and that the manner and means of committing the offenses are also the same. The
offenses occurred in the same criminal episode, the same transaction, and the same act constituted
the corpus delicti of both offenses. In fact, the jury inquired of the trial court during deliberations
whether, because the same act was involved, the jury could assess prison time for one offense and
recommend probation for the other. Under the Blockburger--Parrish analysis, the indecency with
a child offense was a lesser-included offense of the offense of aggravated sexual assault with a
child, they were the "same offense" for double jeopardy purposes, and the multiple punishments
assessed cannot stand. We find no legislative intent that the same act was to be punished as a first
degree felony (aggravated sexual assault of a child) and as a third degree felony (indecency with
a child) or vice versa.

 In the instant case, the punishments imposed were made to run concurrently
because they arose out of the same criminal episode and were tried in the same criminal action. 
See Tex. Penal Code Ann. § 3.03 (West 1994). (8) Concurrent sentences do not foreclose a finding
of double jeopardy. Ex parte Scelles, 511 S.W.2d 300, 302 (Tex. Crim. App. 1974); York v.
Sate, 848 S.W.2d 341, 342 (Tex. App.--Texarkana 1993, pet. ref'd) (citing United States v.
Osunegbu, 822 F.2d 472, 481 (5th Cir. 1987)); cf. David v. State, 808 S.W.2d 237, 242 (Tex.
App.--Dallas 1991, no pet.).

 We will affirm the conviction for aggravated sexual assault of a child and set aside
the conviction for the offense of indecency with a child. We do this on the basis that the greater
offense was not only the most serious offense but was also the first offense alleged in the
indictment and apparently the offense of which appellant was first convicted. See Ex parte Peña,
820 S.W.2d 806, 808-10 (Tex. Crim. App. 1991); Johnson v. State, 903 S.W.2d 496, 499 (Tex.
App.--Fort Worth 1995, no pet.); Shavers, 881 S.W.2d at 75; Hoffman v. State, 877 S.W.2d 501,
501 (Tex. App.--Fort Worth 1994, no pet.). Appellant's double jeopardy contentions are
sustained.

 There were two separate judgments and sentences entered. Cf. Tex. Code Crim.
Proc. Ann. art. 42.08 (West Supp. 1997). We affirm the judgment and sentence for aggravated
sexual assault of a child and reverse the judgment of the conviction for indecency with a child and
order that count of the indictment dismissed.



 

 John F. Onion, Jr., Justice

Before Chief Justice Carroll, Justices Kidd and Onion*

Affirmed in Part; Reversed and Dismissed in Part

Filed: February 6, 1997

Do Not Publish











* Before John F. Onion, Jr., Presiding Judge (retired), Court of Criminal Appeals, sitting by
assignment. See Tex. Gov't Code Ann. § 74.003(b) (West 1988).

1.   Act of June 18, 1987, 70th Leg., R.S., ch. 573, § 1, 1987 Tex. Gen. Laws 2275, as
amended by Act of August 3, 1987, 70th Leg., 2d C.S., ch. 16, § 1, 1987 Tex. Gen. Laws 80
(Tex. Penal Code § 22.021, since amended).
2.   Act of May 24, 1973, 63d Leg., R.S., ch. 399 § 1, 1973 Tex. Gen. Laws 883, 918, as
amended by Act of May 12, 1981, 67th Leg., R S., ch. 202, § 3, 1981 Tex. Gen. Laws 471,
472, as amended by Act of May 29, 1987, 70th Leg., R.S., ch. 1028, § 1, 1987 Tex. Gen.
Laws 3473 (Tex. Penal Code. § 21.11, since amended).
3.   No question of misjoinder is raised. See Tex. Code Crim. Proc. Ann. art. 21.24(a) (West
1989); Tex. Penal Code Ann. § 3.01 (West 1994); see also Watson v. State, 900 S.W.2d 60, 63
(Tex. Crim. App. 1995); Shavers v. State, 881 S.W.2d 67, 73 (Tex. App.--Dallas 1994, no pet.).
4.   Rule 803 provides in pertinent part:


The following are not excluded by the hearsay rule, even though the declarant
is available as a witness:


(5) Recorded recollection. A memorandum or record concerning a matter
about which a witness once had personal knowledge but now has
insufficient recollection to enable him to testify fully and accurately, shown
to have been made or adopted by the witness when the matter was fresh
in his memory and to reflect that knowledge correctly, unless the
circumstances of preparation cast doubt on the document's
trustworthiness. If admitted, the memorandum or record may be read
into evidence but may not itself be received as an exhibit unless offered by
an adverse party.
5.   Tex. Code Crim. Proc. Ann. art. 36.19 (West 1981).
6.   See Abdnor v. State, 871 S.W.2d 726, 732 & n.6 (Tex. Crim. App. 1994).
7.   Only one exception exists, and it is not applicable here. See Bauder v. State, 921 S.W.2d
696, 699 (Tex. Crim. App. 1996). In Bauder, it was held that the Double Jeopardy clause of the
Texas Constitution bars further prosecution of a case where the prosecutor's actions deliberately
or recklessly caused a mistrial, whereas under the federal constitution the prosecutor's action must
be deliberate. Id. at 697.
8.   The current code is cited for convenience. It is unchanged from former law. 


first convicted. See Ex parte Peña,
820 S.W.2d 806, 808-10 (Tex. Crim. App. 1991); Johnson v. State, 903 S.W.2d 496, 499 (Tex.
App.--Fort Worth 1995, no pet.); Shavers, 881 S.W.2d at 75; Hoffman v. State, 877 S.W.2d 501,
501 (Tex. App.--Fort Worth 1994, no pet.). Appellant's double jeopardy contentions are
sustained.

 There were two separate judgments and sentences entered. Cf. Tex. Code Crim.
Proc. Ann. art. 42.08 (West Supp. 1997). We affirm the judgment and sentence for aggravated
sexual assault of a child and reverse the judgment of the conviction for indecency with a child and
order that count of the indictment dismissed.



 

 John F. Onion, Jr., Justice

Before Chief Justice Carroll, Justices Kidd and Onion*

Affirmed in Part; Reversed and Dismissed in Part

Filed: February 6, 1997

Do Not Publish











* Before John F. Onion, Jr., Presiding Judge (retired), Court of Criminal Appeals, sitting by
assignment. See Tex. Gov't Code Ann. § 74.003(b) (West 1988).

1.   Act of June 18, 1987, 70th Leg., R.S., ch. 573, § 1, 1987 Tex. Gen. Laws 2275, as
amended by Act of August 3, 1987, 70th Leg., 2d C.S., ch. 16, § 1, 1987 Tex. Gen. Laws 80
(Tex. Penal Code § 22.021, since amended).
2.   Act of May 24, 1973, 63d Leg., R.S., ch. 399 § 1, 1973 Tex. Gen. Laws 883, 918, as
amended by Act of May 12, 1981, 67th Leg., R S., ch. 202, § 3, 1981 Tex. Gen. Laws 471,
472, as amended by Act of May 29, 1987, 70th Leg., R.S., ch. 1028, § 1, 1987 Tex. Gen.
Laws 3473 (Tex. Penal Code. § 21.11, since amended).
3.   No question of misjoinder is raised. See Tex. Code Crim. Proc. Ann. art. 21.24(a) (West
1989); Tex. Penal Code Ann. § 3.01 (West 1994); see also Watson v. State, 900 S.W.2d 60, 63
(Tex. Crim. App. 1995); Shavers v. State, 881 S.W.2d 67, 73 (Tex. App.--Dallas 1994, no pet.).
4.   Rule 803 provides in pertinent part:


The following are not excluded by the hearsay rule, even though the declarant
is available as a witness:


(5) Recorded recollection. A memorandum or record concerning a matter
about which a witness once had personal knowledge but now has
insufficient recollection to enable him to testify fully and accurately, shown
to have been made or adopted by the witness when the matter was fresh
in his memory and to reflect that knowledge correctly, unless the
circumstances of preparation cast doubt on the document's
trustworthiness. If admitted, the memorandum or record may be read
into evidence but may not itself be received as an exhibit unless offered by
an adverse party.
5.   Tex. Code Crim. Proc. Ann. art. 36.19 (West 1981).
6.   See Abdnor v. State, 871 S.W.2d 726, 732 & n.6 (Tex. Crim. App. 1994).
7.   Only one exception exists, and it is not applicable here. See Bauder v. State, 921 S.W.2d
696, 699 (Tex. Crim. App. 1996). In Bauder, it was held that the Double Jeopardy clause of the
Texas Constitution bars further prosecution of a case where the prosecutor's actions deliberately
or recklessly caused a mistrial, whereas under the federal cons