IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. NO. AP-75,269






EX PARTE MANUEL CAVAZOS, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


FROM HIDALGO COUNTY






 Keller, P.J., filed a concurring opinion.

 The Court misstates the holding in Landers. (1) The Court says that Landers requires retaining
"the most serious offense" while setting aside the other conviction. (2) The Court also says that
Landers requires that the most serious offense be determined "by the degree of the felony, range of
punishment and sentence imposed, with rules of parole eligibility and good-conduct time as a tie-breaker." (3) The Court then states that these criteria were taken from Ex parte Peña, a case involving
misjoinder. (4)

 In making all of these statements, the Court cites pages 559-560 of the Landers opinion. (5) 
But the discussion on those pages was about the holding in Peña. It was simply background,
discussing what factors this Court had relied upon to formulate a rule for misjoinder. We did not
apply the misjoinder rule to the double jeopardy context. 

 To the contrary, after discussing Peña, we set forth a different rule: "the 'most serious
punishment' test." (6) According to Landers, "That test requires retaining the offense with the most
serious punishment and vacating any remaining offenses that are the 'same' for double jeopardy
purposes. The 'most serious punishment' is the longest sentence imposed, with rules of parole
eligibility and good time serving as a tie-breaker." (7) In fact, Landers explicitly distinguished Peña,
explaining why the factors used in Peña supported a different rule for double jeopardy violations
than for misjoinder:

The third reason applies somewhat differently to the double jeopardy context than the
misjoinder context and explains the difference in the judicially-made rules. In the
misjoinder context, we fashioned a rule designed to best ascertain what offense the
State would have elected to proceed on at trial. We did so because, in the misjoinder
context, the State is not permitted to prosecute both offenses at the same time. Hence,
our evaluation, in the misjoinder context, is a prospective evaluation of the
seriousness of the offense, with the sentence coming into play only when the range
of punishment and the degree of offense are the same. In the type of double jeopardy
context before us, however, the State is permitted to prosecute both offenses and
submit both offenses to the jury for consideration. Because pursuing both offenses
is proper in this context, the State should have the benefit of the most serious
punishment obtained. (8)

 

 And in the case before it, the Landers Court made no attempt whatsoever to determine which
offense was the most serious, but instead, addressed which imposed the most serious punishment:
"Application of the most serious punishment test shows that the Court of Appeals correctly decided
which conviction to dismiss. The UUMV conviction carries a 62 year sentence while the theft
conviction carried a sentence of only 9 months." (9) That two-sentence passage was the entirety of the
analysis in which the Landers Court applied its newly-articulated standard to the facts of the case
before it.

 The Court makes a good point when it criticizes the Peña test as difficult to apply, because
apart from the ultimate punishment assessed, it may often be difficult to determine which offense
is the "most serious." (10) But that criticism does not apply to Landers, which explicitly focused the
double jeopardy rule on the punishment assessed and further explained that the most serious
punishment was the longest sentence. The Landers Court recognized that sometimes the sentences
may be identical, in which case other factors, such as parole eligibility and good time, would have
to be considered.

 Although purporting to disavow Landers, the Court's standard is identical to the one
formulated in Landers except in one respect: the court categorically rejects ever using parole and
good time consequences as a tie-breaker. But surely the Court cannot really mean that. What will
the Court do (or recommend that trial courts and lower appellate courts do) if the sentences are
identical, the fine and restitution imposed are identical, and the only distinction involves parole
consequences, e.g. when one of the offenses is covered by Article 42.12, §3g while the other is not? 
Do we look instead to the order in which the jury's verdict forms are submitted, the order in which
the offenses appear in the penal code, or the cause numbers? Perhaps parole and good time
consequences should not be the first tie-breaker, but it should be an available tie-breaker when the
punishment is otherwise identical. 

 At any rate, the Court does not suggest that the use of parole and good time consequences
as a tie-breaker is an issue in the present case, and the Court's analysis of the facts seems to conform
exactly to the Landers holding: The Court first looked to the length of the sentences, and after
discovering they were identical, looked to a collateral factor, restitution, to serve as a tie-breaker. 
So, I agree with the Court's method of resolving the present case and with the result. But, instead
of engaging in an extended discussion of the Peña approach, and unnecessarily reaching out to
comment on the tie-breaking status of good time and parole, all the Court had to do was cite Landers
for the desired rule and then apply it. 

 I respectfully concur in the Court's judgment.

Date filed: October 4, 2006

Publish 


 
1. Landers v. State, 957 S.W.2d 558 (Tex. Crim. App. 1997).
2. Court's op. at 5.
3. Id. at 5-6.
4. Id. at 6 (citing Peña, 820 S.W.2d 806 (Tex. Crim. App. 1991)).
5. Id. at 5-6.
6. Landers, 957 S.W.2d at 560.
7. Id.
8. Id. at 560-561.
9. Id. at 561.
10. Of course, the Peña court's assessment was that the most serious offense had to be
judged prospectively in the misjoinder context because the State was not allowed to pursue both
offenses at trial. The correctness of that holding is not at issue here.