**Ernest Allen DEWITT, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 08–88–00115–CR.**

Court of Appeals of Texas, El Paso.

Dec. 28, 1988.

---

Thomas S. Morgan, Midland, for appellant.

Al W. Schorre, Jr., Dist. Atty. of Midland County, Randall L. Fluke, Asst. Dist. Atty., Midland, for appellee.

Before OSBORN, FULLER and WOODARD, JJ.

OPINION

FULLER, Justice.

On December 24, 1987, Appellant was arrested for DWI. He was then indicted and tried for felony DWI. The jury returned a verdict of guilty and set punishment at nine months in prison and a $2,000.00 fine. We affirm.

Points of Error Nos. One and Two assert that the trial court erred in denying Appellant's motion for instructed verdict because there was no evidence and/or insufficient evidence that Appellant drove his vehicle on a "public road."

The evidence was that in the early afternoon of Christmas Eve, the Appellant's car collided with the outside wall of a convenience store. The store was located on a service road that was adjacent to U.S. Highway 80 between the towns of Midland and Odessa, Texas. There was also a two-lane paved road that abutted the store which dead-ended at a trailer park behind the store. This two-lane road also connected with the service road. Access to the store parking lot was by way of the Highway 80 service road and/or the two-lane road. Testimony was that these were the only roads that had access to the store and both roads were freely used by the public. The trial court, in the charge to the jury, defined a "public road" stating that it "means any road or highway that is open for use, or is used, by the public for traffic. A parking lot is not a public road."

 There were no actual witnesses that saw Appellant drive his vehicle on a public road. The investigating officers arrived at the scene approximately ten to twelve minutes after being called and they were called minutes after the accident. On being asked what happened, the Appellant told the officer that he had just driven into the convenience store and he was just sitting there minding his own business. This extrajudicial confession cannot, by itself, establish the essential elements of the offense of driving while intoxicated upon a public street. *Threet v. State*, 157 Tex. Crim.R. 497, 250 S.W.2d 200 (1952), *Cole-*

man v. State, 704 S.W.2d 511 (Tex.App.—Houston [1st Dist.] 1986).

██ On review of the evidence, the testimony from the personnel at the convenience store was that they were standing inside the store within three feet of the window when they heard the impact with the wall. Within five seconds on looking out the window, they saw Appellant's car up against the wall. Appellant was alone and slumped over in the driver's side of the car. Appellant's car was the only vehicle in the parking lot and no other people were visible. The Department of Public Safety was called and arrived within ten to twelve minutes. Appellant was removed from the car and appeared intoxicated. The hood of the car, when touched, exhibited heat from the car engine. Beer cans were found in the Appellant's car. Appellant did not testify, but his wife told the jury that her husband's job required him to service accounts in Midland, Midland terminal and Odessa, which would explain why he would be in the vicinity that he was found. She also stated that her husband would not have had any business in any trailer park, and they had no friends that lived in any trailer park.

The standard for appellate review of the sufficiency of the evidence is the same whether the case is based upon direct or circumstantial evidence. The relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential element of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). Mattias v. State, 731 S.W.2d 936 (Tex.Crim.App.1987); Livingston v. State, 739 S.W.2d 311 (Tex.Crim. App.1987). In both direct and circumstantial evidence cases, the reviewing court will look at all the evidence, both proper and improper, in consideration of that issue. Scott v. State, 732 S.W.2d 354 (Tex.Crim. App.1987).

There was overwhelming evidence that at the time Appellant's car struck the wall of the convenience store, the Appellant was intoxicated. There was circumstantial evidence that supported the jury's finding that immediately prior the incident, the Appellant had driven on a public road while intoxicated. Points of Error Nos. One and Two are overruled.

██ Point of Error No. Three asserts the trial court erred in failing to grant Appellant's motion for mistrial due to the State's improper argument.

During the guilt/innocence stage of the proceeding, the State improperly argued that "every 20 minutes someone is killed as a result of an intoxicated drunk."

The argument was improper as being outside the record. After a general objection by Appellant, the trial court sustained the objection. The court then instructed the jury to disregard any reference to statistics. While there exists common knowledge of the evil and dangers of drinking and driving, we still cannot condone this type of argument. However, the trial court's prompt instruction to disregard was sufficient to cure the error, where as here there was overwhelming evidence of Appellant's intoxicated condition. Blansett v. State, 556 S.W.2d 322 (Tex.Crim.App.1977). Point of Error No. Three is overruled.

██ Point of Error No. Four asserts the trial court erred in denying Appellant's motion for instructed verdict because of lack of proof as to Appellant's driving while under the influence of drugs or a combination of liquor and drugs as alleged in the indictment.

██ The indictment did not merely allege the necessary allegation that Appellant drove his car while intoxicated but proceeded to charge that such intoxication was by more than one way: "while intoxicated and under the influence of intoxicating liquor and drugs and a combination of liquor and drugs...." Was the State going to rely on intoxication by liquor alone or by the combination of liquor and drugs? The Appellant has a constitutional right to adequate notice of the charges against him. This right is invoked by filing a motion to quash that raises the insufficiency of the notice. Garcia v. State, 747 S.W.2d 379 (Tex.Crim.App.1988). However, Appellant

filed no motion to quash. Even those cases that have found error in the trial court's failure to grant a motion to quash have not necessarily resulted in a reversal of the conviction. *Adams v. State,* 707 S.W.2d 900 (Tex.Crim.App.1986), aff'd 669 S.W.2d 339 (Tex.App.1984). In the *Adams* at 903 and 904, it was said that "[t]he important question is whether the defendant had notice adequate to prepare his defense. ... the defect in the charging instrument did not prejudice the substantial rights of appellant."

In our case, there had been a hearing on pretrial matters where there was extensive testimony from the arresting officers and witnesses concerning the smell of liquor on Appellant as well as the beer containers found in his car. There was never any mention of drugs or that the case involved anything more than alcohol. We find no error in the denial of Appellant's motion for directed or instructed verdict, not only because of the failure to file and present a motion to quash, but even if a motion had been filed and denied by the trial court, we are unable to say that the substantial rights of Appellant have been prejudiced. *Russell v. State,* 710 S.W.2d 662 (Tex.App. —Austin 1986, PDRR); Tex.Code Crim. Pro.Ann. art. 21.19 (Vernon 1966). Point of Error No. Four is overruled.

The trial court judgment is affirmed.