Annette **GETER**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 12–86–00189–CR.

Court of Appeals of Texas, Tyler.

March 27, 1990.

---

**1.** An informal bill is included in the statement of facts, and a formal bill is a part of the transcript. TEX.R.APP.P. 52(b), (c)(11).

Bill Rosenstein, Tyler Law Center, Tyler, for appellant.

Jack Skeen, Jr., Dist. Atty., Smith Co., Tyler, for appellee.

BILL BASS, Justice.

A jury found appellant guilty of the third degree felony offense of theft. The trial court assessed punishment at four years' confinement, probated for ten years with restitution payments in the amount of $15,-586. On appeal, appellant contended that the trial court erred by failing to grant her motion to quash the indictment. We affirmed the trial court's judgment. *Geter v. State*, No. 12–86–0189–CR (Tex.App.—Tyler 1987, pet. granted). The Court of Criminal Appeals subsequently vacated our judgment and remanded the cause for a harm analysis pursuant to *Adams v. State*, 707 S.W.2d 900 (Tex.Cr.App.1986). *Geter v. State*, 779 S.W.2d 403 (Tex.Cr.App.1989).

The indictment alleged, *inter alia*, that appellant appropriated property without the effective consent of the owner (a bank employee). Chapter 31 of the Texas Penal Code lists the following four instances in which consent is not effective:

(A) induced by deception or coercion;

(B) given by a person the actor knows is not legally authorized to act for the owner;

(C) given by a person who by reason of youth, mental disease or defect, or intoxication is known by the actor to be unable to make reasonable property dispositions; or

(D) given solely to detect the commission of an offense.

Tex.Penal Code Ann. § 31.01(4) (Vernon 1989). However, the State did not allege which of the above methods it would rely on to show actual consent was ineffective. The Court of Criminal Appeals held that the indictment failed to allege a requisite item of notice, stating "where the State relies upon a defendant's act or omission to negate consent pursuant to § 31.01(4), the indictment must allege which of the statutory negatives vitiated consent, or the indictment will be subject to a timely motion to quash for lack of notice." *Geter*, 779 S.W.2d at 407.

■ For error to be reversible when the charging instrument fails to convey a requisite item of notice, the defendant must show that the omission prejudiced his substantial rights. *Janecka v. State*, 739 S.W.2d 813, 820 (Tex.Cr.App.1987); *Opdahl v. State*, 705 S.W.2d 697, 699 (Tex.Cr.App.1986). Thus, we are to review the entire record to determine whether, in the context of the case, failure to give the requested notice had a prejudicial impact on the appellant's ability to prepare a defense. *Adams*, 707 S.W.2d at 902. A brief summary of the facts of the instant case follows.

Annette Geter opened a checking account at Rose Capital Bank. Due to a clerical mistake of a bank employee, the bank's records showed that Geter had opened not only the checking account, but also a savings account with a $5,000.00 deposit. It was, in fact, AAMCO who opened the savings account on that date. Although AAMCO withdrew and deposited money in the savings account, Geter received the bank statements. The first statement included a deposit slip showing that the money had been deposited into the account by AAMCO.

At trial, Geter testified that she became aware of the money in the savings account when she received the bank statements. She believed her father had created the account for her; she never verified this with her father nor did she inform him when she closed the account.

Almost a year after the savings account was opened, Geter went to the bank and closed it. She transferred a portion of money from the savings account into her joint checking account with her husband, and $15,000 was placed into a certificate of deposit in both of their names. Eventually, three loans were made to the Geters

against the C.D. The C.D. had to be cashed in to pay off the outstanding loans. Approximately five months after Geter closed the savings account and transferred the money, the bank discovered the error.

Numerous circumstances influence the determination of whether an omission of notice had an impact on the appellant's ability to prepare a defense, such as whether: (1) appellant received the information from a different source, *Labelle v. State*, 720 S.W.2d 101, 109 (Tex.Cr.App.1986); *Adams*, 707 S.W.2d at 904; *Rougeau v. State*, 738 S.W.2d 651, 656 (Tex.Cr.App. 1987), *cert. denied*, 485 U.S. 1029, 108 S.Ct. 1586, 99 L.Ed.2d 901; (2) no defense was presented, *Adams*, 707 S.W.2d at 904; (3) the defense strategy did not relate to the omission, *Smith v. State*, 772 S.W.2d 946, 952 (Tex.App.—Dallas 1989, pet. ref'd); (4) appellant indirectly received the omitted information, i.e., it was the only logical deduction to be made from the circumstances, *Lewis v. State*, 771 S.W.2d 666, 668 (Tex. App.—Corpus Christi 1989, pet. ref'd); *Robinson v. State*, 764 S.W.2d 367, 373 (Tex.App.—Dallas 1989, pet. ref'd); *Dewitt v. State*, 763 S.W.2d 524, 527 (Tex.App.—El Paso 1988, pet. ref'd); and (5) no objection or expression of surprise was expressed at trial, *Janecka v. State*, 739 S.W.2d 813, 821 (Tex.Cr.App.1987).

In the instant case, appellant admitted her awareness of the money and her participation in transferring the money from the savings account to the C.D. and checking account. It is apparent from both appellant's and the prosecution's version of the entire events that the prosecution could only negate consent by proof of deception under 31.01(4)(A) and that none of the other means could be applicable.

The defense strategy was to deny any deception on appellant's part and to emphasize that although appellant transferred the money, she never possessed "currency." Appellant's opening statement emphasized that no deception occurred. No objection or expression of surprise was voiced by appellant's counsel when the State's evidence and argument relevant to appellant's deception was presented. We conclude that the omission had no substantial prejudicial impact on appellant's ability to prepare her defense.

The judgment of the trial court is affirmed.