Ollie Curtis JOHNSON, Appellant,

v.

The STATE of Texas, State.

No. 2–93–542–CR.

Court of Appeals of Texas,
Fort Worth.

July 27, 1995.

Earl R. Waddell, III, Fort Worth, for appellant.

Tim Curry, Crim. Dist. Atty; Betty Marshall and Charles M. Mallin, Asst. Chiefs of Appellate Section; Stuart Books, Mark Yokom, Richard Salamy, Asst. Dist. Attys., Fort Worth, for appellee.

Before CAYCE, C.J., and LIVINGSTON and PATRICE M. BARRON, (Former Justice) (Sitting by Assignment), JJ.

## OPINION

BARRON, Justice (Assigned).

Appellant, Ollie Curtis Johnson, was convicted by a jury of the offenses of theft [1] and unauthorized use of a motor vehicle.[2] Johnson pled "true" to one enhancement count and two habitual counts. Thereafter, the trial court assessed punishment at thirty-five years' confinement in the Institutional Division of the Texas Department of Criminal Justice. In two points of error, Johnson contends there is insufficient evidence to support his conviction.

We reform the judgment of the trial court and affirm as reformed.

In April of 1993, Ollie Johnson was employed as a trainer for the Fit For Life Center, a health club in Fort Worth, Texas, owned and operated by the complainant, Robert Dyer, and his wife. While employed at the club, Johnson lived at a local halfway house. Because Johnson did not own a car, Dyer and other employees of the club drove Johnson to and from work.

On the morning of April 5, 1993, Dyer arrived at the club and placed his car keys on the desk in his office. Around noon, Dyer returned for the keys but could not find them. Dyer then searched the club parking lot and found that his 1991 Acura Legend

was missing. Johnson, who was scheduled to work that day, was also missing. Dyer initially suspected that Johnson had taken the car because of an earlier conversation in which Johnson mentioned that he had an appointment elsewhere that morning. When Johnson had not returned by 6:00 p.m., Dyer reported the car missing to the police.

Later that evening, Dyer and a friend located Johnson and the car in the parking lot of a local bar. Dyer witnessed Johnson, who was initially seated inside the vehicle, step out holding the keys in his hand. Johnson apologized for taking the car and informed Dyer that someone had stolen a handgun and phone from the trunk. Dyer then took the keys and drove the car away. The next day, Johnson admitted taking the car both to Dyer and to a detective in the auto theft division of the Fort Worth Police Department. Thereafter, Johnson was indicted for theft and unauthorized use of a motor vehicle.

## I. VALUE OF THE PROPERTY

In his first point of error, Johnson contends there is insufficient evidence to prove the value of Dyer's car. In reviewing the sufficiency of the evidence to support a conviction, the evidence is viewed in the light most favorable to the verdict. *Narvaiz v. State,* 840 S.W.2d 415, 423 (Tex.Crim.App. 1992), *cert. denied,* —— U.S. ——, 113 S.Ct. 1422, 122 L.Ed.2d 791 (1993). The critical inquiry is whether, after so viewing the evidence, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Moreno v. State,* 755 S.W.2d 866, 867 (Tex.Crim.App. 1988).

"This familiar standard gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560, 573 (1979).

The sufficiency of the evidence is a question of law. The issue on appeal is not

---

1. *See* TEX. PENAL CODE ANN. § 31.03 (Vernon 1989 & Supp.1993).

2. *See* TEX. PENAL CODE ANN. § 31.07 (Vernon 1989 & Supp.1993).

whether we as a court believe the State's evidence or believe that the defense's evidence outweighs the State's evidence. *See Matson v. State*, 819 S.W.2d 839, 846 (Tex. Crim.App.1991); *Wicker v. State*, 667 S.W.2d 137, 143 (Tex.Crim.App.), *cert. denied*, 469 U.S. 892, 105 S.Ct. 268, 83 L.Ed.2d 204 (1984). The verdict may not be overturned unless it is irrational or unsupported by proof beyond a reasonable doubt. *Matson*, 819 S.W.2d at 846.

■■■ Value is defined as the fair market value of the property at the time and place of the offense. TEX. PENAL CODE ANN. § 31.08(a)(1) (Vernon 1994). Market value is the amount of money that the property in question would sell for in cash, given a reasonable amount of time for selling it. *Keeton v. State*, 803 S.W.2d 304, 305 (Tex.Crim.App. 1991). The owner of property is competent to testify about the value of his own property in general and commonly understood terms. *Sullivan v. State*, 701 S.W.2d 905, 908–09 (Tex.Crim.App.1986); *Johnson v. State*, 676 S.W.2d 416, 418 (Tex.Crim.App.1984).

■■■ When an owner testifies, the presumption must be that the owner is testifying to an estimation of the fair market value. *Sullivan*, 701 S.W.2d at 909. Testimony of this nature is an offer of the witness' best knowledge of the value of his property and constitutes sufficient evidence for the trier of fact to make a determination about value based on the witness' credibility. *Id.* This is true even in the absence of a specific statement about "market value." *Id.* If the defendant wishes to rebut the owner's opinion, he must offer controverting evidence about the value of the property.

■■■ Johnson argues that Dyer's testimony is insufficient to prove the "fair market value" of the vehicle as of the date of the offense as being between $750 and $20,000, as charged in the indictment. Johnson contends that Dyer never testified about his opinion of the market value of the car. Relying on *Scott v. State*, 741 S.W.2d 435 (Tex. Crim.App.1987), Johnson prays for reversal on this basis. We disagree.

During trial, Dyer provided his opinion as to the value of the vehicle at the time of the theft:

[PROSECUTOR:] What type of automobile do you own?

[DYER:] The one I drive is a '91 Acura Legend.

[PROSECUTOR:] Four door?

[DYER:] Four door.

[PROSECUTOR:] When did you buy that car?

[DYER:] In 1991. I think, end of January of '91.

[PROSECUTOR:] Do you recall how much you paid for it at that time?

[DYER:] Thirty-four thousand.

[PROSECUTOR:] And do you still owe money on the car?

[DYER:] Yes.

[PROSECUTOR:] How much do you owe, approximately?

[DYER:] It's about half paid for.

. . . .

[PROSECUTOR:] And you are the owner of that vehicle?

[DYER:] Yes.

[PROSECUTOR:] And you still own that vehicle, today?

[DYER:] Yes, sir.

[PROSECUTOR:] And I guess it's fair to say that its value is worth over $750.00?

[DYER:] I hope so.

Unlike *Scott*, in the instant case, the owner (Dyer) gave his opinion of the vehicle's cash market value. When asked if his car was worth over $750 at the time of the offense, Dyer replied, "I hope so." Dyer further testified that he purchased the vehicle new for $34,000 approximately twenty-six months prior to the offense and that the vehicle was "about half paid for." In context, then, Dyer's answer "I hope so" can reasonably be interpreted as a sarcastic "yes" answer to the car being valued at least $750. Given that the trial was after the offense date, if the car was worth more than $750 then, it would have been worth more than $750 on the date of the offense. This testimony as a whole is sufficient to support that the car was worth

between $750 and $20,000.[3] *Alexander v. State*, 823 S.W.2d 754, 757 (Tex.App.—Austin 1992, no pet.). In the absence of controverting evidence or objection to the State's manner of proving value, we conclude that the evidence supports the jury's finding of fair market value of more than $750, but less than $20,000. Therefore, viewed in the light most favorable to the verdict, we hold that a rational trier of fact could find beyond a reasonable doubt the element of value as alleged in the indictment. Point of error one is overruled.

## II. UNAUTHORIZED USE OF A MOTOR VEHICLE

■ In his second point of error, Johnson contends the evidence is insufficient to prove that he operated a motor vehicle as charged in the indictment. Under the facts of this case, unauthorized use of a motor vehicle qualifies as the lesser included offense of theft. *See State v. Houth*, 845 S.W.2d 853, 869 (Tex.Crim.App.1992) (citing *Neely v. State*, 571 S.W.2d 926 (Tex.Crim.App.1978)). The State concedes that separate convictions for theft and unauthorized use of a motor vehicle violate the double jeopardy clause. *See United States v. Dixon*, —— U.S. ——, 113 S.Ct. 2849, 125 L.Ed.2d 556 (1993); *Brown v. Ohio*, 432 U.S. 161, 166, 97 S.Ct. 2221, 2225, 53 L.Ed.2d 187, 194 (1977); *Ex parte Herron*, 790 S.W.2d 623 (Tex.Crim. App.1990) (op. on reh'g); *Ex parte Jefferson*, 681 S.W.2d 33, 34 (Tex.Crim.App.1984); *Hoffman v. State*, 877 S.W.2d 501, 501–02 (Tex.App.—Fort Worth 1994, no pet.). For that reason, we will not address the merits of Johnson's second point of error. Instead, the proper remedy under the circumstances is to reform the judgment to dismiss Johnson's conviction for the lesser included offense. *Hoffman*, 877 S.W.2d at 502.

Accordingly, we reform the trial court's judgment to delete Johnson's conviction for unauthorized use of a motor vehicle and af-

firm the remainder of the judgment as reformed.

---

**3.** The allegation of value is not descriptive other than affecting the degree of felony of the offense. Where the description of the property taken is not a legal requisite of the indictment, proof of value only more than the minimum alleged is sufficient. *Houston v. State*, 98 Tex.Crim. 280, 265 S.W. 585, 588 (1924); *Stevens v. State*, 636 S.W.2d 857, 859–60 (Tex.App.—Waco 1982, pet. ref'd).