NUMBER 13-00-752-CR

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI




 ROGELIO GARZA GARCIA , Appellant, 


v.


THE STATE OF TEXAS , Appellee.




On appeal from the 138th District Court

of Cameron County, Texas.





O P I N I O N


Before Chief Justice Valdez and Justices Hinojosa and Kennedy (1)

Opinion by Justice Kennedy


Appellant was charged by indictment with aggravated assault of a public servant, arson and theft. He was found guilty of
the first and third counts and the jury further found "true" to the allegation of two prior felony convictions. The jury
assessed appellant's punishment at confinement for ninety-nine and twenty years, respectively, based upon his conviction
for the first and third counts and, in addition, assessed a fine of $10,000 for each conviction.

The jury heard evidence that a fire occurred in a Beall's department store in Harlingen. At about the time the fire broke out,
appellant shouted "fire" and ran out of the store carrying some clothing, which was the property of the store. Appellant fled
the scene in a car and a chase by law enforcement officials began. The chase continued until appellant was apprehended
several miles distant. During the course of the chase, appellant attempted to ram several police vehicles, which is the
subject of the aggravated assault count.

Appellant's brief presents four points of error. The first point alleges that the State failed to prove venue in respect to the
first count of the indictment, aggravated assault on a public servant. Specifically, the point refers to the evidence that,
during the chase of appellant by officers from the scene of the theft, appellant twice swerved his car toward a police car
being driven by one of the officers, Michael Fechner.

The State's first witness, a Beall's employee identified appellant as a man she saw in the Beall's store who yelled "fire,"
grabbed some clothes and ran out of the store. She stated that the Beall's store was located in Harlingen, Texas. She also
testified that the Beall's store was located in Cameron County, Texas.

An off-duty Harlingen police officer, Noe Medrano, testified he arrived at the Beall's store just as appellant made his exit
from the store. He tried to apprehend appellant but failed and got back into his vehicle and began to chase appellant's
vehicle. Medrano followed appellant from the Beall's store and saw him go the wrong way on Tyler. (2) Medrano
proceeded in the same direction as appellant but on Harrison, which was a one-way street going in the correct direction. 
Appellant then turned onto Harrison in front of Medrano, who followed appellant on Harrison to the expressway where
appellant turned toward McAllen.

Officer Fechner, another Harlingen police officer, whom the indictment alleged appellant to have assaulted with an
automobile, testified that he was in a police vehicle and was part of the chase of appellant when "[appellant] tried to knock
me off the road" on Harrison.

Harlingen police officer, Christopher Nelson, followed appellant going the wrong way down Tyler Street, saw him turn
onto F Street, and then onto Harrison, and eventually onto the expressway toward McAllen. Harlingen police officers,
James Johnson and Jose Villarreal, confirmed that part of the chase took place on Harrison.

Because venue is not a "criminative fact" and thus not a constituent element of the offense, it need not be proved beyond a
reasonable doubt, but rather by a preponderance of the evidence. Proof of venue may be established by direct or
circumstantial evidence. Lozano v. State, 958 S.W.2d 925, 929 (Tex. App. - El Paso 1997, no pet.).

Summarizing, the State established that the Beall's store was in Harlingen, Cameron County, Texas. The testimony of
Officer Medrano that he followed appellant from Beall's to Tyler, then from Harrison, then toward McAllen on the
expressway is evidence that Harrison is in Harlingen, Cameron County, Texas. Officer Fechner testified that at least one of
the assaults occurred on Harrison. This, combined with the other evidence, is sufficient to prove venue in Cameron County
for count one of the indictment. The trial court did not err in refusing a directed verdict as to count one. We overrule point
of error one.

Point of error two refers to proof of the value of the stolen property and, specifically complains of the trial court's not
allowing defense counsel to cross-examine the "victim of the theft" (actually a store employee) about the value of the
property. The employee testified that thirty pairs of jeans and ten shirts were taken and she placed the value of $49.50 to
each item, for a total loss of $2,000. The alleged value of the property was $1,500 or more but less than $20,000.

Appellant's trial attorney cross-examined the witness about the value but failed to get her to change her testimony. On
appeal, appellant states in his brief that "at the trial the appellant was prohibited by the court's rulings from attempting to
offer controverting testimony to disprove the value of the property in question." He makes no reference to the record to
show how or when this occurred. The harm claimed by appellant due to the ruling of the trial court restricting his
cross-examination is: "The appellant was not afforded the right to have the jury decide on whether it could convict on lesser
included offenses of theft had the jury believed that appellant stole items of a value of less than $1,500."

We find nothing in the record to indicate that appellant tendered a witness or other evidence to rebut the State's evidence on
the value of the stolen property. (3) If appellant wanted to rebut the owner's, or special owner's opinion, he should have
offered controverting evidence about the value of the property. Johnson v. State, 903 S.W.2d 496, 498 (Tex. App. - Fort
Worth 1995, no pet.). If, in fact, the trial court did restrict appellant's cross-examination of the witness, appellant has
shown no harm to have occurred thereby. We overrule point of error two.

Point of error three alleges: "The court erred in the introduction at trial of a photograph of the appellant." Appellant cites
rules 401 and 403 of the Rules of Criminal Evidence to support his argument, verbatim, as follows:

Texas Rules of Criminal Evidence 401 were violated by the trial court in allowing a picture of the appellant to be
introduced by the State (Vol. 7, Exhibit 2). Before a piece of evidence can be offered, the court must rule after objection if
the evidence is relevant as required by Rule 401. Texas Rules of Criminal Evidence, Rule 402 and 403 also limit the
admissibility of relevant evidence.

Also, 

 The State could not identify the date, time or place that the picture was taken of appellant and the picture was only offered
to show that the appellant looked differently than he did at trial. This evidence was offered to inflame the jury and had [no]
probative value.

Again, appellant makes no reference to the record to support his argument by showing what objections were made and what
rulings were made by the court.

We have examined the picture identified by appellant and the trial reporter as "State's Exhibit 2." It is a front and side view
of a man under the heading "City of Harlingen Police" and containing the notation "Case # 00017047, DOB 12/1/60, name:
Garcia, Rogelio Torres, arrest date 5/11/00." This information includes appellant's name and an arrest date which
correspond to the date alleged in the indictment to be when the acts described therein occurred.

We have examined the photograph and are unable to make out what the basis of the ground of error is. We overrule point
of error three.

Point of error four complains that the trial court erred when it admitted into evidence a photo lineup showing pictures of
appellant and five other men. Appellant argues that the admission of this exhibit violated Rule of Criminal Evidence 401. 
This rule states: "Relevant evidence means any evidence having a tendency to make the existence of any fact that is of
consequence to the determination of this action more probable or less probable than it would be without the evidence." 
Tex. R. Evid. 401 (Vernon Supp. 2002).

Appellant also cites rule 403 which provides that, though relevant, evidence may be excluded if its probative value is
substantially outweighed by the danger of unfair prejudice, among other things. In support of this point of error, appellant
makes two arguments, (1) there is insufficient evidence to show the lineup was properly conducted, and (2) the lineup was
used to bolster the State's witnesses. We are not told how the lineup was not properly conducted, nor are we told how a
photograph of six men, including appellant, bolstered any testimony in the trial. We overrule the fourth point of error and
AFFIRM the judgment of the trial court.



NOAH KENNEDY,

Justice



Do not publish .

Tex. R. App. P. 47.3(b).



Opinion delivered and filed

this 4th day of April, 2002.

1. Retired Justice Noah Kennedy assigned to this Court by the Chief Justice of the Supreme Court of Texas pursuant to
Tex. Gov't Code Ann. § 74.003 (Vernon 1988).

2. The witnesses most frequently used the street names without adding the word "street." It is obvious from the nature of
their testimony that they are referring to streets.

3. Tex. R. App. P. 38.1(h): The brief must contain a clear and concise argument for the contentions made, with appropriate
citations to authorities and to the record.