COURT OF APPEALS









COURT
OF APPEALS

EIGHTH
DISTRICT OF TEXAS

EL
PASO, TEXAS

 

JEREMY LEE RANGEL,                                      )

                                                                              )              
No.  08-02-00242-CR

Appellant,                          )

                                                                              )                    Appeal from the

v.                                                                           )

                                                                              )            
County Court at Law #2

THE STATE OF TEXAS,                                     )

                                                                              )          
of Midland County, Texas

Appellee.                           )

                                                                              )                
(TC# CR-85,310)

                                                                              )

 

 

O
P I N I O N

 

Appellant, Jeremy
Lee Rangel, was charged by information with failure of duty on striking an
unattended vehicle in violation of Section 550.024 of the Texas Transportation
Code.  He was found guilty by a jury and
the trial court sentenced him to 45 days confinement, probated for one
year.  Appellant was also ordered to pay
a $500 fine.  He now raises three issues
on appeal.  We affirm.

SUMMARY
OF THE EVIDENCE








Just after midnight
on July 17, 1999, Appellant and his girlfriend, Erika Zubia, were driving to
the grocery store in Ms. Zubia=s
mother=s
automobile.  During the drive, Appellant
lost control of the vehicle and struck a parked pickup truck.  The vehicle Appellant was driving entered the
front lawn of the house at which the truck was parked.  Appellant and Ms. Zubia left the scene of the
accident and walked to the grocery store to use a pay phone.  They called Ms. Zubia=s brother, Jesse, to notify him of the
accident.  Jesse Zubia drove to the
grocery store to meet Appellant.  It was
then determined the police should be notified of the accident.  A friend of Jesse Zubia called the police to
report the accident and Appellant returned to his vehicle.  Upon arrival at the accident scene, Appellant
encountered a tow truck that had been dispatched to remove Appellant=s vehicle.  According to Appellant=s
testimony at trial, the driver of the tow truck told Appellant the police had
already arrived at and left from the scene. 
Appellant also testified he gave his contact and insurance information to
the towing company before leaving again. 
Appellant did not leave a note on the truck or speak to anyone at the
house or in the neighborhood.

Later that day,
the police were contacted by Randy Pittman, the owner of the parked truck that
had been damaged in the accident.  A
police investigation ultimately revealed Appellant as the driver in the
accident.  Appellant later gave a
statement to the police admitting his involvement in the collision.  In his statement, Appellant never asserted he
had tried to contact the owner of the damaged truck or had left a note at the
scene of the accident.  Appellant was
charged with and later convicted of a Class B misdemeanor for failure of duty
on striking an unattended vehicle in violation of Section 550.024 of the Texas
Transportation Code.  See Tex.Transp.Code Ann. ' 550.024 (Vernon 1999).  

ISSUES
ON APPEAL








Appellant now
raises three issues for appellate review. 
First, he argues the evidence establishing the amount of damage to be in
excess of two hundred dollars was legally insufficient to sustain the
conviction.  Second, he asserts the trial
court erred by not granting his first amended motion to quash the information
for failure to provide adequate notice. 
Third, he contends the trial court erred by overruling defense counsel=s objections to the prosecutor=s improper comment during jury
argument.  

LEGAL
SUFFICIENCY

Appellant=s first issue challenges the legal
sufficiency of evidence proving the amount of damages to be $200 or
greater.  This legal sufficiency argument
is predicated on the contention the court improperly admitted hearsay evidence
to establish the value of the damage to the vehicle.  In particular, Appellant complains of certain
testimony given by Randy Pittman, the owner of the damaged pickup truck.  








A legal
sufficiency review of the evidence, requires the appellate court to determine
whether, considering the evidence in the light most favorable to the verdict,
any rational trier of fact could have found the essential elements of the crime
beyond a reasonable doubt.  Jackson v.
Virginia, 443 U.S. 307, 318-19, 99 S.Ct. 2781, 2788-89, 61 L.Ed.2d 560, 573
(1979); Geesa v. State, 820 S.W.2d 154, 159 (Tex.Crim.App. 1991);
Nevarez v. State, 847 S.W.2d 637, 642 (Tex.App.--El Paso 1993, pet. ref=d). 
It is not our role to ascertain whether the evidence establishes guilt
beyond a reasonable doubt.  Stoker v.
State, 788 S.W.2d 1, 6 (Tex.Crim.App. 1989), cert. denied, 498 U.S.
951, 111 S.Ct. 371, 112 L.Ed.2d 333 (1990); Van Zandt v. State, 932
S.W.2d 88, 95 (Tex.App.--El Paso 1996, pet. ref=d).  Nor do we resolve any conflict of fact or
assign credibility to the witnesses.  See
Adelman v. State, 828 S.W.2d 418, 421 (Tex.Crim.App. 1992); Nevarez,
847 S.W.2d at 642.  Rather, this Court is
to review the evidence as it is already weighted by the trier of fact=s verdict, thereby deferring to the
trier of fact=s
determinations of weight and credibility. 
See Moreno v. State, 755 S.W.2d 866, 867 (Tex.Crim.App. 1988); Rivera
v. State, 885 S.W.2d 581, 583 (Tex.App.--El Paso 1994, no pet.).  We must disregard evidence contrary to the
verdict, and base our holding only on evidence supporting the verdict.  See Chambers v. State, 805 S.W.2d 459,
461 (Tex.Crim.App. 1991); Rivera, 885 S.W.2d at 583.  Moreover, we will not disturb the trier of
fact=s
decision unless it is found to be irrational or unsupported by more than a Amere modicum@
of the evidence.  See Moreno, 755
S.W.2d at 867; Van Zandt, 932 S.W.2d at 95.  Finally, claims of evidentiary insufficiency
are measured against the elements of the offense as defined by the
hypothetically correct jury charge applicable to the case.[1]  Malik v. State, 953 S.W.2d 234, 240
(Tex.Crim.App.  1997); Mast v. State,
8 S.W.3d 366, 368-69 (Tex.App.--El Paso 1999, no pet.).

Testimony
By Property Owner as to Value








Texas courts have
held in cases involving theft or criminal mischief that the owner of the stolen
or damaged property may testify to the value of the property at issue.[2]  See Sullivan v. State, 701 S.W.2d 905,
909 (Tex.Crim.App. 1986); Johnson v. State, 903 S.W.2d 496, 498
(Tex.App.--Fort Worth 1995, no pet.); Rivera, 885 S.W.2d at 584; Jones
v. State, 814 S.W.2d 801, 803 (Tex.App.--Houston [14th Dist.] 1991, no
pet.).  Such testimony may be given in
general or commonly understood terms as to the owner=s
opinion or estimate of the value.  Sullivan,
701 S.W.2d at 909; Johnson, 903 S.W.2d at 498.  Essentially this is an offer of the owner=s best knowledge of the property
value.  Sullivan, 701 S.W.2d at
909; Jones, 814 S.W.2d at 803.  If
a defendant wishes to rebut an owner=s
opinion evidence at to value, he must offer additional controverting
evidence.  Sullivan, 701 S.W.2d at
909; Johnson, 903 S.W.2d at 498; Jones, 814 S.W.2d at 803.  In other words, a defendant must do more than
merely impeach the owner=s
credibility during cross-examination in order to successfully raise a legal
sufficiency challenge on appeal.  Id.

Sullivan
and its progeny have mainly dealt with the issue of whether an owner was
qualified to testify as to the value of his or her property or whether such
testimony must be given by an expert.  See
Sullivan, 701 S.W.2d at 909; Johnson, 903 S.W.2d at 498; Jones,
814 S.W.2d at 803.  In the case sub
judice, Appellant=s
objection at trial and issue on appeal focuses on whether the property owner=s testimony as to the value of the
damage constitutes hearsay.  While on
direct examination, the following exchange took place between Mr. Pittman and
the prosecutor:

State:                Okay.  And did you get your truck fixed?

 

Witness:           Yes, I did.

 

State:                Okay.  And how much was the bill for fixing your
truck?

 

Defense:           Objection, Your Honor.  That is hearsay.

 

Court:               Did you pay for it?

 

Witness:           The insurance paid for it.

 

Court:               I will allow him to testify what
the damage was.

 

State:                What was the bill?








Witness:           The bill was --

 

Defense:           Same objection, so I don=t waive anything.  Hearsay.

 

Court:               Overruled.

 

Witness:           $750 or $752 and some change,
something like that. [Emphasis added].

 

State:                Was that more than $200?

 

Witness:           Yes, it is.

 

State:                What all did that fix?     

 

Witness:           It replaced the dent, and then it
replaced the mirror and -- the side mirror.

 

Defense:           Can I have a running objection?

 

Court:               Yes.  It is overruled.

 

State:                And was there any paint work
done?

 

Witness:           The dent was taken out of the truck,
as well, where there was a dent in there, and then some of -- and then the
paint was removed and then buffed out, and then the mirror was replaced.  

 

Appellant maintains Mr. Pittman=s statement indicating there was approximately
$750 of damage to his truck is inadmissible hearsay.  Appellant also argues this particular
testimony is the only evidence presented regarding the amount of damage to the
vehicle.  He contends the evidence is not
legally sufficient because only improperly admitted evidence was adduced at
trial.  








Appellant=s objection at trial was not supported
by an explanation or argument.  Nor was
the witness taken on voir dire.  As a
result, there is simply no record to substantiate Appellant=s claim that the statement was
hearsay.  Without record or explanation,
Appellant=s general
objection fails to properly advise the court of his concern.  Tex.R.Evid.
103(a)(1); Tex.R.App.P.  33.1(a). 
Accordingly, we find the trial court did not abuse its discretion in
overruling Appellant=s
objection at trial.  

Having addressed
Appellant=s hearsay
objection, we now turn to the general contention that the evidence was legally
insufficient to prove an essential element of the offense, namely the amount of
damage to all vehicles involved in the collision.  Appellant was convicted of violating Section
550.024 of the Transportation Code, which provides:

Section 550.024.  Duty on Striking Unattended Vehicle

 

(a)        The operator of a vehicle that collides
with and damages an unattended vehicle shall immediately stop and:

 

(1)        locate the operator or owner of the
unattended vehicle and give that person the name and address of the operator
and the owner of the vehicle that struck the unattended vehicle; or

 

(2)        leave in a conspicuous place in, or
securely attach in a plainly visible way to, the unattended vehicle a written
notice giving the name and address of the operator and the owner of the vehicle
that struck the unattended vehicle and a statement of the circumstances of the
collision.

 

(b)        A person commits an offense if the person
violates Subsection (a). An offense under this section is:

 

(1)        a Class C misdemeanor, if the damage to
all vehicles involved is less than $200; or

 

(2)        a Class B misdemeanor, if the damage
to all vehicles involved is $200 or more.

 

Tex.Transp.Code
Ann. '
550.024.  [Emphasis added].













In addition to Mr.
Pittman=s
testimony regarding the actual cost of repairs to his vehicle, the jury heard
other testimony describing the type of damage sustained by each of the vehicles
involved in the collision.  All three of
the State=s witnesses
saw Mr. Pittman=s truck
after the crash and each testified about their observations.  First, Mr. Pittman testified in detail about
the damage to his truck.[3]  Then Officer Matthew Sowle testified to the
condition of the truck.  He told the jury
the side mirror was gone and the entire side had been gouged.  He also testified that green paint had transferred
onto the truck.  Finally, the
investigating officer, Bobby Welborn, gave the jury his observations upon
seeing the truck.  He too indicated the
truck had a crease down its right side and a damaged mirror.

The jury also
heard testimony from Appellant about the effect of the collision on the car he
was driving.[4]  Appellant testified the car had to be towed
away by a wrecker service.  He expressly
stated on both direct and cross-examination that the car was not drivable after
the accident.  Although he did not give a
detailed description, he also stated the side of the car was damaged.








Having reviewed
the entire record, we find sufficient evidence to support the jury=s conclusion that the total amount of
damage to all vehicles involved in the collision exceeded $200.[5]  Tex.Transp.Code
Ann. '
550.024(b)(2).  In addition to Mr.
Pittman=s
statement as to the cost of repairs for his truck, every witness gave some type
of descriptive testimony of the damage to the vehicles.  Relying on common knowledge, a jury could
easily conclude the damages exceeded $200. 
See Nixon v. State, 937 S.W.2d 610, 612-13 (Tex.App.--Houston
[1st Dist.] 1996, no pet.)(where the court reasoned that jurors could employ
their common knowledge after hearing descriptive testimony and reviewing
photographs to conclude the amount of damages in a criminal mischief case
exceeded $750).  Furthermore, Appellant
presented no controverting evidence that the amount of damages was less than
$200.  Sullivan, 701 S.W.2d at
909.  Viewing all evidence in a light
most favorable to the verdict, we find the evidence legally sufficient to
establish the amount of damage to all vehicles exceeded $200.  Tex.Transp.Code
Ann. '
550.024(b)(2); Geesa, 820 S.W.2d at 159; Nevarez, 847 S.W.2d at
642.  Appellant=s
first issue is overruled.

Defective
Indictment or Information

With his second
issue, Appellant argues the trial court abused its discretion by failing to
grant his first amended motion to quash the information.  The information failed to allege the owner of
the vehicle and did not provide a description of the vehicle.  The State concedes error, but argues the
error was harmless.  

A trial court=s ruling on a motion to quash is
reviewed under an abuse of discretion standard. 
Thomas v. State, 621 S.W.2d 158, 163 (Tex.Crim.App. 1981).  An abuse of discretion is evident when a
lower court=s
decision is so clearly wrong as to lie outside the zone within which reasonable
persons might disagree.  Montgomery v.
State, 810 S.W.2d 372, 391 (Tex.Crim.App. 1991)(Opin. on reh=g). 
An abuse of discretion also occurs when the trial court=s acts are arbitrary and unreasonable
or without reference to any guiding rules of principles.  Id. at 380.








Appellant contends
the information in the present case fails to provide any information relating
to the owner of the property or the property itself, in violation of Tex.Code Crim.Proc.Ann. art. 21.09
(Vernon 1989).[6]  Defense counsel properly filed a motion to
quash arguing a lack of proper notice and certainty as to the crime charged.[7]  The trial court considered and overruled the
motion the morning of trial, June 3, 2002. 
Because the State concedes the information was deficient, we will focus
our attention on whether Appellant had adequate notice to prepare his
defense.  Adams v. State, 707
S.W.2d 900, 903 (Tex.Crim.App. 1986).  

Under Adams,
this Court is instructed to consider three questions:  (1) Did the charging instrument fail to
convey some requisite item of notice?; (2) In the context of the case, did the
defect have an impact on defendant=s
ability to prepare his defense?; and (3) How great was the impact on defendant=s ability to prepare his defense?  Adams, 707 S.W.2d at 903.  If the impact was insignificant, Appellant=s issue is overruled.  Id. 
If the impact was substantial, the issue is sustained.  Id.








Here, the State
concedes the charging instrument failed to include certain required
information.  However, the State argues
the defect did not impact Appellant=s
ability to prepare his defense.  For
error to be reversible when the charging instrument fails to convey a requisite
item of notice, Appellant must prove the omission prejudiced his substantial
rights.  Janecka v. State, 739
S.W.2d 813, 820 (Tex.Crim.App. 1987); Opdahl v. State, 705 S.W.2d 697,
699 (Tex.Crim.App. 1986).  A
determination of whether Appellant=s
ability to prepare a defense was prejudiced requires us to review the entire
record.  See Adams, 707 S.W.2d at
902; Geter v. State, 790 S.W.2d 703, 704 (Tex.App.--Tyler 1990, no
pet.).  In so doing, we consider a number
of factors:  (1) whether Appellant
received the information from another source, Rougeau v. State, 738
S.W.2d 651, 656 (Tex.Crim.App. 1987); Labelle v. State, 720 S.W.2d 101,
109 (Tex.Crim.App. 1986); Adams, 707 S.W.2d at 904; (2) whether a
defense was presented, Adams, 707 S.W.2d at 904; Geter, 790
S.W.2d at 705; (3) whether defense strategy was related to the omission, Geter,
790 S.W.2d at 705; Smith v. State, 772 S.W.2d 946, 952 (Tex.App.--Dallas
1989, pet. ref=d); (4)
whether appellant indirectly received the omitted information, i.e., it was the
only logical deduction to be made from the circumstances, Lewis v. State,
771 S.W.2d 666, 668 (Tex.App.--Corpus Christi 1989, pet. ref=d); Robinson v. State, 764
S.W.2d 367, 373 (Tex.App.--Dallas 1989, pet. ref=d);
Dewitt v. State, 763 S.W.2d 524, 527 (Tex.App.--El Paso 1988, pet. ref=d); and (5) whether an objection or
expression of surprise was expressed at trial, Janecka v. State, 739
S.W.2d 813, 821 (Tex.Crim.App. 1987).








The record
indicates Appellant received the name of the owner of the unattended vehicle
from other sources.  Rougeau, 738
S.W.2d at 656; Labelle, 720 S.W.2d at 109; Adams, 707 S.W.2d at
904.  He knew the identity of the owner
of the truck within hours of the collision. 
Appellant testified that Randy Pittman or a member of his family
contacted him the morning after the accident. 
Testimony at trial also revealed that at least two different police
officers were in contact with Appellant after the accident.  In both his original statement to the police
and his trial testimony, Appellant indicated his knowledge of the unattended
vehicle in question.  These statements
lead us to the logical deduction that he was aware that the unattended vehicle
mentioned in the information was Randy Pittman=s
pickup truck.  Dewitt, 763 S.W.2d
at 527.  We also note Appellant did
present a defense in this case and the defense strategy was not related to any
omission in the information.  Adams,
707 S.W.2d at 904; Geter, 790 S.W.2d at 705; Smith, 772 S.W.2d at
952.  Rather, Appellant admitted to his
involvement in the accident, but maintained he did not knowingly or intentionally
leave the scene in an effort to avoid responsibility.  Finally, we find no expression of surprise or
specific objection at trial related to Appellant=s
unawareness of the details omitted in the information.  Janecka, 739 S.W. 2d at 821.  In light of each of these factors, we
conclude the omission in the information had no substantial prejudicial impact
on Appellant=s ability
to prepare his defense.  Adams,
707 S.W.2d at 902-03.  Accordingly,
Appellant=s second
issue is overruled.

Improper
Comments During Jury Argument

Appellant=s third issue on appeal asserts the
trial court erred in overruling defense counsel=s
objection to statements by the prosecutor indicating his personal opinion of
the case.  The complained-of comments
were made by the State during closing argument. 
The State concedes error, but argues the error was harmless.

During closing
argument, the prosecutor made the following comments:  

Mr. Morgan argued
about he is banking on this wrecker, this tow truck driver, who let me tell you
right now, the Defense has the same subpoena power that the State does.  They can subpoena witnesses to come testify
on their behalf.  Something to think
about.

Tow truck driver, had
Jeremy told him what he says he told him, may have made them a really good
witness.  I don=t think that is what he told him.  I don=t
think that is what happened. 
[Emphasis added].[8]








At this point, defense counsel
objected that the prosecutor was stating his personal opinion.  The objection was overruled.  The State then continued closing argument,
but did not include any further statements of personal opinion or discussion
related to the objected to comment.  

Improper jury
argument constitutes reversible error only if it affects the substantial rights
of the accused.  Tex.R.App.P. 44.2(b); Mosley v. State, 983 S.W.2d 249,
259 (Tex.Crim.App.  1998).  There are three factors the Court must
consider in determining whether the error was reversible:  (1) the severity of the misconduct; (2) the
measures adopted to cure the misconduct; and (3) the certainty of conviction
absent the misconduct.  Mosley,
983 S.W.2d at 259.  Here, we find the
prosecutor=s comment
only mildly improper.  Id.  The complained-of comments were immediately
objected to and the State abandoned any further argument as to the credibility
of Appellant=s
testimony or the absence of testimony from the tow truck driver.  We also conclude that the certainty of
conviction was not likely impacted by the comment.  Id. 
Ample evidence, including Appellant=s
own testimony, supported the jury=s
verdict.  Appellant=s third issue is overruled.

For the reasons
stated above, we affirm the trial court=s
judgment.

 

 

July 24, 2003

DAVID WELLINGTON CHEW, Justice

 

Before Panel No. 1

Larsen, McClure, and Chew, JJ.

 

(Do Not Publish)











[1]
Though not raised by the parties, we recognize the jury charge given by the
trial court improperly refers to the damage sustained by Aan unattended vehicle.@ 
This language suggests only the damage to Mr. Pittman=s vehicle is taken into account in
determining whether the amount of damages is $200 or more.  However, a hypothetically correct charge
would have instructed the jury to determine whether Athe
damage to all vehicles involved is $200 or more.@
[Emphasis added].  See Tex.Transp.Code Ann. ' 550.024(b)(2); Malik, 953
S.W.2d at 240.





[2]
This Court has found no cases involving a violation of Section 550.024 of the
Texas Transportation Code where the value of the property was at issue.  There is also no definition of the term Adamage@
in Chapter 550 of the Transportation Code. 
See Tex.Transp.Code Ann.
' 550.001, et. seq. (Vernon 1999
& Supp. 2003).





[3]
The following exchange occurred during direct examination of Mr. Pittman by the
prosecuting attorney:

 

State:                Okay.  Did you find anything peculiar in front of
your house the next morning when you went outside?         

 

Witness:           When I got up to go outside to get
the paper, I noticed there was some glass on the sidewalk.  I got to looking around and when I looked
around, I saw track marks through the yard. 
And then I looked at my truck and the mirror was hanging off and was
dangling on the side of my truck.

 

State:                Anything else about your pickup?

 

Witness:           There had -- there was a stripe that
-- or a stripe all the way down the side of it.

 

State:                When you say stripe down the
side of it, can you be a little more specific?

 

Witness:           There was a crease about the height
of the mirror that went from the back end all the way to the front.

 

State:                Okay.  All the way down your pickup?

 

Witness:           Uh-huh.

 

State:                Is that just a paint smear or
was it a dent in the middle?

 

Witness:           It was -- a lot of it was a paint
smear, but there was a couple of places where it was dented in.

 

State:                What color paint smear?

 

Witness:           Green.





[4]
Officer Welborn also gave limited testimony about Appellant=s automobile.  When asked about the mirror, he stated that
it had been damaged.  He observed that
the damage to the side of the truck was probably caused by the car mirror.





[5]
We note in passing, that it is our duty to consider all evidence, whether
proper or improper in determining the sufficient of evidence.  Chambers, 805 S.W.2d at 461.  Thus, even if Mr. Pittman=s complained-of statement was hearsay,
it would be considered by this Court under the appropriate standard of review.





[6]
The information reads in part:

 

JEREMY LEE RANGEL, hereinafter styled Defendant, did then and
there unlawfully, intentionally, and knowingly fail, after having been involved
in an accident resulting in damage of $200.00 or more, to an unattended
vehicle, to take reasonable steps to locate and notify the owner of the
unattended vehicle about the accident and give the operator=s name and address, or leave in a
conspicuous place in or securely attached in a plainly visible way to, the
unattended vehicle a written notice giving the name and address of the operator
and the owner of the vehicle that struck the unattended vehicle and a statement
of the circumstances of the collision . . . .





[7]
Defendant=s First
Amended Motion to Quash Information was filed May 30, 2002.





[8]
In his brief, Appellant also complains of another statement made by the
prosecutor earlier in closing argument as improper.  However, the complained-of statement was not
objected to during trial.  Accordingly,
it has not been preserved for error on appeal. 
Cockrell v. State, 933 S.W.2d 73, 89 (Tex.Crim.App. 1996); Nixon
v. State, 940 S.W.2d 687, 693 (Tex.App.--El Paso 1996, pet. ref=d).